Clennell SANDERS, Appellant,

v.

STATE of Missouri, Respondent.

No. 72965.

Supreme Court of Missouri,
En Banc.

April 9, 1991.

Susan L. Hogan, Kansas City, for appellant.

William L. Webster, Atty. Gen., Joseph P. Murray, Asst. Atty. Gen., Jefferson City, for respondent.

COVINGTON, Judge.

A jury convicted movant Clennell Sanders, a/k/a Clenell Sandles, of murder in the first degree. After the jury was unable to agree on punishment, the trial court sentenced movant to death. *State v. Sandles,*

740 S.W.2d 169 (Mo. banc 1987), *cert. denied*, 485 U.S. 993, 108 S.Ct. 1303, 99 L.Ed.2d 513 (1988). Movant now appeals the denial of his *Rule 29.15* motion without evidentiary hearing. The cause is reversed and remanded.

This case presents a claim of counsel's failure to file a timely amended motion as required by *Rule 29.15(f)*.[1] Sanders filed a *pro se* motion for postconviction relief on April 25, 1988. The following day the court appointed the Office of the Public Defender to represent movant. On May 25, 1988, appointed counsel requested additional time to file an amended motion. On June 23, 1988, the court granted the motion and, exceeding the authority of *Rule 29.15(f)*, allowed counsel until August 1, 1988, to file an amended motion. *See Sloan v. State*, 779 S.W.2d 580, 582 (Mo. banc 1989), *cert. denied*, — U.S. —, 110 S.Ct. 1537, 108 L.Ed.2d 776 (1990). The record reflects no further activity by counsel until November 29, 1988. On that date counsel filed an "addendum" to the *pro se* motion. The "addendum" was signed by counsel but was neither signed nor verified by movant. In December, 1988, Sanders filed a request for an evidentiary hearing and an "addendum to [the] addendum" filed previously by counsel. On January 19, 1989, counsel filed "additional grounds for granting relief," consisting of a brief cover page signed by counsel followed by a completed *pro se Rule 29.15* form that had been signed and verified by movant on May 5, 1988, soon after he filed the *pro se* motion.

On January 19, 1989, the motion court dismissed as untimely all pleadings filed after August 1, 1988. Both Sanders and counsel subsequently made several additional filings. In April, 1989, Sanders filed a *pro se* amended motion, a "motion for rehearing and review of amended 29.15 motions" and a motion to remove counsel and appoint new counsel. In June, 1989, he again requested new counsel in a letter to the court. In November, 1989, a second attorney entered an appearance and filed a request for a hearing date. On March 8, 1990, a third attorney filed a verified "second amended motion." On April 17, 1990, the motion court denied Sanders' *pro se* motion for postconviction relief without evidentiary hearing and dismissed the amended motion as not timely filed. The motion court's dismissal of the untimely filed pleadings was in accordance with the plain language of *Rule 29.15(f)*.

Until today this Court has not deviated from its firm position that failure to timely file a motion constitutes a complete bar to consideration of a movant's claims, even when the claims are attributable entirely to inaction of counsel. Our courts have traditionally held that postconviction proceedings may not under any circumstances be used to challenge the effectiveness of postconviction counsel. *See State v. Sweet*, 796 S.W.2d 607 (Mo. banc 1990); *Sloan*, 779 S.W.2d 580; *Young v. State*, 770 S.W.2d 243 (Mo. banc 1989); *Lingar v. State*, 766 S.W.2d 640 (Mo. banc), *cert. denied*, — U.S. —, 110 S.Ct. 258, 107 L.Ed.2d 207 (1989).

In *Luleff v. State*, 807 S.W.2d 495 (Mo. banc 1991), decided today, this Court altered course. There the record reflected that movant's appointed counsel took no action whatsoever on movant's behalf, thereby apparently failing to comply with the provisions of *Rule 29.15(e)*. On the face of the record it appeared that movant was deprived of meaningful review of his claims. The question then became one of the appropriate forum in which to address the claims of abandonment of counsel. This Court held the appropriate forum to be the motion court. *Luleff*, at 497.

■ The considerations underlying this Court's holding in *Luleff* are equally compelling in this case where the record reflects that counsel has determined that

---

1. Numerous cases have arisen in which counsel has amended the *pro se* motion but failed to comply with the provisions of *Rule 29.15(f)*. *See, e.g., State v. Sweet*, 796 S.W.2d 607 (Mo. banc 1990); *Sloan v. State*, 779 S.W.2d 580 (Mo. banc 1989), *cert. denied*, — U.S. —, 110 S.Ct. 1537, 108 L.Ed.2d 776 (1990); *Day v. State*, 770 S.W.2d 692 (Mo. banc), *cert. denied*, — U.S. —, 110 S.Ct. 186, 107 L.Ed.2d 141 (1989); *State v. Daly*, 798 S.W.2d 725 (Mo.App.1990); *McCabe v. State*, 792 S.W.2d 694 (Mo.App.1990); *State v. White*, 790 S.W.2d 467 (Mo.App.1990).

there is a sound basis for amending the *pro se* motion but fails timely to file the amended motion as required by *Rule 29.15(f)*. The failure is, in effect, another form of "abandonment" by postconviction counsel.

■ The question, then, again becomes one of determining the proper forum in which to address the claim. In *Luleff* the state appeared to urge that all claims regarding postconviction counsel be addressed as a part of the *Rule 29.15* proceeding. This Court finds unpersuasive the state's argument in that regard. To address claims of ineffective assistance of postconviction counsel other than those that allege failure of counsel to comply with the provisions of *29.15(e)* and *(f)* would defeat the clear provision of subsection *(k)* of *Rule 29.15* that the court shall not entertain successive motions.

■ For the reasons enunciated in *Luleff*, however, it is expedient to address in the motion court claims regarding failure of postconviction counsel to comply with the time requirements of *Rule 29.15(f)*. To conduct an inquiry into counsel's apparent failure in this regard does not run afoul of *Rule 29.15(k)*. The appropriate forum for addressing claims regarding failure of postconviction counsel to comply with the time requirements of *Rule 29.15(f)* is in the circuit court where the motion is being prosecuted by movant.

■ When movant's claim regarding failure of appointed counsel to file a timely amended motion is countenanced by the motion court, relief is to be ordered only when a movant is free of responsibility for the failure to comply with the requirements of the rule. Neither movant nor counsel shall be permitted to frustrate one of the central purposes of *Rule 29.15*—to have a timely adjudication of all claims in a single proceeding. As noted in *Luleff* the court may deem it advisable to refer counsel who has failed in his or her duty to the client, or in his or her capacity as an officer of the court, to the Advisory Committee for investigation and possible discipline. The following is intended to give guidance to the court and counsel in this and future cases. At such time as counsel may seek leave to file pleadings out of time, the motion shall set forth facts, not conclusions, showing justification for untimeliness. Where insufficiently informed, the court is directed to make independent inquiry as to the cause of the untimely filing. The burden shall be on the movant to demonstrate that the untimeliness is not the result of negligence or intentional conduct of the movant, but is due to counsel's failure to comply with *Rule 29.15(f)*. If the court determines that the untimeliness resulted from negligence or intentional conduct of movant, the court shall not permit the filing. Should the failure to file a timely amended motion result from inattention of counsel, the court shall permit the filing.

This cause is remanded to the motion court for findings. If the court determines that the untimeliness of the amended motion resulted exclusively from counsel's action or inaction, the court shall consider the amended motion as having been timely filed and proceed according to the provisions of the rule. Until the court makes findings in accordance with this opinion, it is unnecessary to address the remaining claims raised on appeal. They relate to the *pro se* motion and may become moot in the event that the motion court's findings afford relief to movant.

BLACKMAR, C.J., ROBERTSON, RENDLEN, HIGGINS and HOLSTEIN, JJ., and FENNER, Special Judge, concur.

BILLINGS, J., not sitting.