James Arthur McINTOSH,
Movant–Appellant,

v.

STATE of Missouri, Respondent.

No. 17113.

Missouri Court of Appeals,
Southern District,
Division One.

May 17, 1991.

**450**

Brad B. Baker, Columbia, for movant-appellant.

William L. Webster, Atty. Gen., Barbara J. Wood, Asst. Atty. Gen., Jefferson City, for respondent.

MAUS, Presiding Judge.

Movant was charged with possession of a controlled substance in a correctional institution. § 217.360. On February 5, 1990, as the result of a plea bargain, movant entered a plea of guilty. In accordance with the plea bargain, he was sentenced to imprisonment for one year, to be served consecutively to all other sentences. On February 27, 1990, movant filed a pro se motion under Rule 24.035 to set aside his plea and conviction. On that day, the Public Defender was appointed to represent the movant on the motion. The Circuit Clerk advised the Public Defender who represented the movant on the plea. On April 12, 1990, the office of the Special District Defender was appointed to represent the movant and the parties so notified. On April 17, 1990, the Special District Defender entered an appearance and filed a request for hearing and extension of time in which to file an amended motion. He was granted until June 10, 1990, to file an amended motion. On June 11, 1990, the Special District Defender filed the First Amended Motion for postconviction relief.

At a hearing on June 25, 1990, the motion court found the allegations of the pro se motion refuted by the record and movant was not entitled to an evidentiary hearing. It found the seven-page boilerplate First Amended Motion to have been untimely filed. It did not consider the First Amended Motion.

On appeal, movant contends the motion court erred because it did not enter adequate findings of fact and conclusions of law. Since the decision of the motion court

that the First Amended Motion was untimely filed and could not be considered, *Sanders v. State*, 807 S.W.2d 493 (Mo. banc 1991) has been decided. The facts in this case concerning the untimeliness of the First Amended Motion are much the same as the facts in *Sanders*, supra. The court in *Sanders* outlined the procedure to be followed upon the remand of that cause to determine if the untimely filing was the result of counsel's action or inaction and subsequent disposition.

The judgment in this case is reversed and the cause is remanded for further proceedings in compliance with *Sanders*.

PREWITT and CROW, JJ., concur.