**Francis WASHIA, Appellant,**

v.

**STATE of Missouri, Respondent.**

**No. WD 44369.**

Missouri Court of Appeals,
Western District.

Aug. 20, 1991.

Raymond L. Legg, Columbia, for appellant.

William L. Webster, Atty. Gen., Joseph P. Murray, Asst. Atty. Gen., Jefferson City, for respondent.

Before TURNAGE, P.J., and KENNEDY and BRECKENRIDGE, JJ.

PER CURIAM:

This is an appeal from the dismissal of appellant's Rule 24.035 motion for post-conviction relief. Appellant contends that he was abandoned by his post-conviction counsel, who failed to timely file an amended motion on his behalf.

Reversed and remanded.

Appellant pled guilty to stealing, § 570.-030, RSMo 1986, and was sentenced as a prior offender to 10 years' imprisonment. On April 11, 1988, appellant filed a *pro se* Rule 24.035 motion, which alleged various instances of ineffective assistance of counsel. Appellant's *pro se* motion did not include a request for an evidentiary hearing. On June 16, 1988, the Office of the Public Defender was appointed to represent appellant. On September 23, 1988, an amended post-conviction motion was filed on behalf of appellant.

On June 5, 1990, the State filed a motion to dismiss on the grounds that appellant's amended motion was untimely filed, and that his *pro se* motion failed to request an evidentiary hearing on his claims for relief. The State's motion to dismiss was sustained by the motion court on July 19, 1990.

As his first point on appeal, appellant claims that he was abandoned by his post-conviction counsel because said counsel failed to file an amended motion within the prescribed time limitations. Rule 24.-035(f) requires that any amended motion "be filed within 30 days of the date counsel is appointed or the entry of appearance by counsel that is not appointed." In the case at bar, appellant's amended motion was filed more than three months after the appointment of his post-conviction counsel.

Appellant argues that his post-conviction counsel's failure to timely file an amended motion requires a remand to the motion court for further proceedings consistent with *Sanders v. State*, 807 S.W.2d 493 (Mo. banc 1991). We agree, and remand the case to the motion court for findings as to the cause of the untimely filing of the amended motion. If the motion court determines that the untimeliness of the amended motion resulted exclusively from counsel's action or inaction, the court shall consider the amended motion as having been timely filed and proceed according to the provisions of Rule 24.035. *Sanders v. State* at 495.

As his second point on appeal, appellant claims that the motion court erred by failing to enter sufficient findings of fact and conclusions of law when it dismissed his *pro se* motion for post-convic-

tion relief. According to appellant, the motion court's bare finding that appellant did not file a timely amended motion or request an evidentiary hearing failed to address the allegations that were contained in the *pro se* motion. Consequently, he argues, the motion court's findings and conclusions lacked the specificity required by Rule 24.035(i) by entering findings of fact and conclusions of law which address the allegations set forth in appellant's *pro se* motion.

Accordingly, the judgment is reversed and the case is remanded to the motion court for further proceedings consistent with this opinion, including the entry of finding of fact and conclusions of law and of a new judgment at the conclusion of the proceedings.