Kenneth W. **HEISTAND**,
Movant–Appellant,

v.

**STATE of Missouri**, Defendant–
Respondent.

No. 17220.

Missouri Court of Appeals,
Southern District,
Division One.

Aug. 21, 1991.

Susan L. Hogan, Asst. Appellate Defender, Kansas City, for movant-appellant.

William L. Webster, Atty. Gen., Breck K. Burgess, Asst. Atty. Gen., Jefferson City, for defendant-respondent.

PARRISH, Judge.

This is an appeal of an order dismissing a motion for post-conviction relief without ev-

identiary hearing. This court reverses and remands.

Movant has a long and varied history before the Circuit Court of Greene County and before the appellate courts of this state. *See State v. Heistand,* 708 S.W.2d 125 (Mo. banc 1986); *Heistand v. State,* 740 S.W.2d 282 (Mo.App.1987); and *State v. Heistand,* 714 S.W.2d 842 (Mo.App.1986). The present case arose from the filing of a motion for post-conviction relief that is directed to convictions for the offenses of robbery in the first degree, § 569.020, RSMo 1978, and assault in the second degree, § 565.060, RSMo 1978. The underlying criminal convictions were the subject of "Appeal 15007" in *Heistand v. State, supra,* at 283–89.

The procedural history in this case is as torturously convoluted as movant's prior contacts with Missouri's criminal justice system. Movant filed a pro se motion for post-conviction relief January 6, 1988, that he apparently denominated as a "Rule 27.26 Motion." The underlying convictions to which that motion was directed occurred prior to January 1, 1988. Therefore, Rule 27.26 (repealed) was not applicable. Rule 29.15(m). Since there had apparently been no prior motion filed pursuant to Rule 27.26 that was directed to these underlying criminal convictions, movant was entitled to proceed according to Rule 29.15 so long as his motion was filed prior to June 30, 1988. Rule 29.15(m). The motion court aptly considered movant's pro se motion as being filed pursuant to Rule 29.15.

The chronology of this case is summarized as follows.

| Date | Explanation |
| --- | --- |
| 1–6–88 | Pro se motion filed by movant |
| 2–5–88 | Public defender appointed to represent movant |
| 2–10–88 | Pro se "amended motion" filed by movant |
| 4–26–88 | Louis J. Nolan entered his appearance on behalf of movant |
| 3–13–89 | Second amended motion filed (that motion was not verified by movant) [1] |

---

**1.** An unverified motion for post-conviction relief under Rule 24.035 or Rule 29.15 presents

nothing for review. *See Baker v. State,* 796 S.W.2d 426, 427 (Mo.App.1990).

| Date | Explanation |
|------|-------------|
| 10–10–89 | Louis J. Nolan withdrew as movant's attorney |
| 10–19–89 | William J. Stewart (asst. public defender) entered his appearance on behalf of movant |
| 11–16–89 | Notification from Missouri State Public Defender that Dean Price was appointed as attorney for movant |
| 5–30–90 | Dean Price (asst. public defender) entered his appearance on behalf of movant |
| 5–30–90 | Third amended motion titled, "Movant's Third Amended Motion Under Missouri Supreme Court Rule 27.26" filed (that motion was not verified by movant) |

Movant presents one point on appeal. He contends that the motion court erred in denying his motion for post-conviction relief without evidentiary hearing in that his "motion counsel" abandoned him by failing to timely file an amended Rule 29.15 motion. The state, in its brief, concedes that this case should be remanded to determine whether the failure to timely file an amended Rule 29.15 motion was because of the action or inaction of movant's counsel.[2] Both parties direct this court's attention to *Sanders v. State*, 807 S.W.2d 493 (Mo. banc 1991).

This court finds *Sanders* to be applicable. The record in this case reflects that counsel for movant undertook to file one or more amended motions out of time and without the amended motions being verified by movant. The record thereby infers that counsel determined there to be a sound basis for amending movant's pro se pleadings, but failed to comply with the time demands and verification requirements of Rule 29.15(f). As in *Sanders*, these failures may constitute "abandonment" by post-conviction counsel.

This case is remanded to the motion court for findings. If the motion court determines that the untimeliness in filing an amended motion resulted exclusively from counsel's action or inaction, the motion court shall grant movant's present counsel leave to file an amended motion within the time constraints afforded by Rule 29.15 and, thereafter, shall proceed according to the provisions of that rule.

PREWITT, P.J., and CROW, J., concur.

---

**2.** The state has suggested by footnote in its brief that *Sanders* applies only to the first amended motion that is filed by counsel; and, therefore, that *Sanders* applies to the "second amended motion," but not the "third amended motion." This contention need not be, and is not, addressed at this time by this court. It is mentioned for the information and, if appropriate, the consideration of the motion court on remand and for the information of counsel for the respective parties in view of the possibility that future counsel may not be the same counsel as represents the parties in this appeal.