**Danny LOEWE, Movant–Appellant,**

v.

**STATE of Missouri, Respondent–Respondent.**

**No. 17351.**

Missouri Court of Appeals, Southern District, Division Two.

Nov. 12, 1991.

Susan L. Hogan, Asst. Appellate Defender, Kansas City, for movant-appellant.

William L. Webster, Atty. Gen., Joan F. Edwards, Asst. Atty. Gen., Jefferson City, for respondent-respondent.

SHRUM, Judge.

Movant Danny Loewe was charged with two counts of sodomy in violation of § 566.-060, RSMo 1986, and one count of sexual abuse in the first degree in violation of § 566.100, RSMo 1986. He was found guilty by a jury. In accordance with the jury verdict, he was sentenced to ten years' imprisonment on each sodomy count and five years' imprisonment on the sexual abuse count. The trial judge ordered the two ten-year sodomy sentences to be served consecutively and the five-year sexual abuse sentence to be served concurrently with the sodomy sentences. Thereafter, the movant filed a pro se Rule 29.15 motion to vacate the convictions.

The motion court appointed counsel for the movant as required by Rule 29.15(e). However, no amended motion was filed by his attorney as is authorized by Rule 29.-15(e). The state moved for an order denying the movant's request for hearing. The state's motion was sustained, no hearing was held, and the movant's Rule 29.15 motion was dismissed. The movant appeals.

By his single point, the movant states that the motion court erred in denying his postconviction motion without an evidentiary hearing because his motion counsel abandoned him by failing to file an amended Rule 29.15 motion.

The state concedes that this court should remand the movant's postconviction

case for a hearing to determine whether counsel's decision not to file an amended Rule 29.15 motion results from counsel's determination that the filing of an amended motion is not warranted or from either counsel's or appellant's failure to act. *See Luleff v. State*, 807 S.W.2d 495 (Mo.banc 1991).

We agree. The rationale of *Luleff* and *Sanders v. State*, 807 S.W.2d 493 (Mo.banc 1991), is applicable. In *Sanders*, on facts similar to the present case, the court remanded the motion to the motion court to determine whether "the untimeliness of the amended motion resulted exclusively from counsel's action or inaction." *Id.* at 495. If so, the motion court is to treat the amended motion as timely filed. *Id.*

"*Luleff* states at 807 S.W.2d 498:

A record that does not indicate whether appointed counsel made the determinations required by *Rule 29.15(e)* creates a presumption that counsel failed to comply with the rule. Where counsel determines that filing an amended motion is not warranted, counsel should make that determination a part of the record. At such time as the motion court may proceed to rule a postconviction motion and there is no record of any activity by counsel on movant's behalf, the motion court shall make inquiry, *sua sponte*, regarding the performances of both movant and counsel. If counsel's apparent inattention results from movant's negligence or intentional failure to act, movant is entitled to no relief other than that which may be afforded upon the *pro se* motion. If the court determines, on the other hand, that counsel has failed to act on behalf of the movant, the court shall appoint new counsel, allowing time to amend the *pro se* motion, if necessary, as permitted under *Rule 29.15(f)*. [footnote omitted]"

*Rios v. State*, 813 S.W.2d 366, 367 (Mo.App. 1991) (emphasis in original).

█ The judgment is reversed and the cause remanded for the motion court to determine whether appointed counsel performed as required by Rule 29.15. If the court finds that counsel did not perform, and the lack of performance was not the result of movant's action or inaction, the court shall appoint new counsel allowing time, if necessary, to amend the motion as permitted under that rule and the cause shall proceed according to that rule.

MAUS and MONTGOMERY, JJ., concur.