**Terry Ray VINZANT, Appellant,**

v.

**STATE of Missouri, Respondent.**

**No. WD 44920.**

Missouri Court of Appeals,
Western District.

Nov. 26, 1991.

David S. Durbin, Appellate Defender, Susan L. Hogan, Asst. Appellate Defender, Kansas City, for appellant.

William L. Webster, Atty. Gen., Jefferson City, Philip M. Koppe, Asst. Atty. Gen., Kansas City, for respondent.

Before LOWENSTEIN, C.J., P.J., SHANGLER and SPINDEN, JJ.

PER CURIAM:

Terry Ray Vinzant appeals from the court's denial of his Rule 29.15 motion for post-conviction relief without an evidentiary hearing. This court reverses the judgment and remands the case.

A jury convicted Vinzant of second degree murder on January 10, 1985. The court sentenced him to 25 years imprisonment, and this court affirmed the conviction in *State v. Vinzant,* 716 S.W.2d 367 (Mo.App.1986).

On June 27, 1988, Vinzant filed a *pro se* motion under Rule 29.15(m) alleging that his trial counsel was ineffective in several instances: by refusing to let him testify; by not investigating or communicating with him about police reports; by refusing to request a bond reduction; and by refusing to obtain evidence which would "discredit" the state's witnesses. The court did not appoint the State Public Defender's Office to represent him until October 4, 1988.

On December 8, 1988, Gary W. Smith, a contract public defender, received notice from the State Public Defender's Office that he had been appointed to Vinzant's case. On December 19, 1988, more than five months after Vinzant filed his motion, Smith entered his appearance and moved for 30 more days to file an amended motion.

The court granted the extension, but Smith did not file an amended motion. More than eight months later, Smith filed a motion on August 21, 1989, requesting that an evidentiary hearing be set for Vinzant's case. On September 5, 1989, Smith moved to withdraw from the case because his contract with the Missouri Public Defender

Commission had expired, and he suggested that the court refer the case to the District Defender for Johnson County. Court records do not state what action, if any, it took on the motion to withdraw.

The court's docket sheet shows no other activity until the state moved on January 18, 1991, to dismiss the motion without an evidentiary hearing. The motion to dismiss stated several bases: Vinzant had not made a timely request for an evidentiary hearing; the motion did not plead facts which would entitle Vinzant to relief; the record refuted Vinzant's allegations; and Vinzant had not alleged prejudice or detailed specific evidence which further investigation would have uncovered. The court's docket entry for May 1, 1991, stated, "Motion to dismiss sustained. Case dismissed. Notice to all parties ordered. SWA[.]" The court made no record of other findings.

In this appeal, Vinzant advances two claims of error: that he received ineffective assistance from Smith according to Rule 29.15(e) and (f), and that the court erred in dismissing his motion without findings of fact in violation of Rule 29.15(i).

Vinzant is entitled to post-conviction relief if Smith's failure to file an amended motion on time resulted from Smith's inattention and Vinzant was not responsible for Smith's failure. *Luleff v. State*, 807 S.W.2d 495 (Mo. banc 1991); *Sanders v. State*, 807 S.W.2d 493 (Mo. banc 1991). When it granted the state's motion to dismiss, the motion court did not make findings of fact concerning the reasons for Smith's failure to file an amended motion on time or its reasons for granting the dismissal. *Id.*

Because we cannot review the matter without such findings, we remand to the motion court to determine the cause for Smith's failure to take appropriate actions and to state its reasons for granting the motion to dismiss. If the court determines that appointed counsel's performance did not meet Rule 29.15's requirements and did not result from Vinzant's action, the court shall appoint new counsel and allow time to amend the motion as permitted under Rule 29.15(f).