**STATE of Missouri, Respondent,**

v.

**Renae J. GREENE, Appellant.**

**Renae J. GREENE, Appellant,**

v.

**STATE of Missouri, Respondent.**

Nos. 18146, 18666.

Missouri Court of Appeals,
Southern District,
Division One.

Dec. 15, 1993.

S. Paige Canfield, St. Louis, for appellant.

Jeremiah W. (Jay) Nixon, Atty. Gen., Stacy L. Anderson, Asst. Atty. Gen., Jefferson City, for respondent.

MONTGOMERY, Judge.

Renae Greene (Defendant) was convicted by a jury of robbery in the first degree, § 569.020,[1] (Count I), and armed criminal action, § 571.015, (Count II). After finding Defendant to be a Class X offender under § 558.019.4(3), the trial court sentenced her to a 30–year term of imprisonment on Count I and to life imprisonment on Count II, with the sentences to run consecutively.

Following sentencing, Defendant filed a pro se Rule 29.15 motion. Counsel was appointed, and counsel subsequently filed an untimely amended motion. The motion court denied the motion without an evidentiary hearing. Defendant appeals from the judgment of conviction (No. 18146) and from the order denying the Rule 29.15 motion (No. 18666). The appeals were consolidated pursuant to Rule 29.15(*l*). We affirm in Appeal No. 18146 and reverse and remand in Appeal No. 18666.

### No. 18146

The sufficiency of the evidence is not disputed. Therefore, the following facts are presented in the light most favorable to the verdict. During the lunch hour on September 26, 1989, Defendant entered the Medicine Shoppe, a pharmacy in Joplin, Missouri, owned by David and Sheree Starrett. The Starretts, husband and wife, were eating lunch behind the counter when Defendant entered the store. Sheree approached the counter and asked Defendant if she could be of assistance. Defendant indicated she wanted some "green alcohol," and then pushed her way through a small door into the area behind the counter. Defendant pulled a small revolver from her purse, pushed Sheree, and fired a shot harmlessly. Defendant asked David for Dilaudid, a tablet form of synthetic morphine. He gave her two bottles, containing a total of approximately 50 such tablets. Defendant then forced the Starretts to lie down on the floor. Upon leaving, Defendant fired another shot. After hearing the front door close, Sheree called the police who promptly investigated the circumstances at the pharmacy.

Later that day, the Starretts went to the police station and viewed a number of photographs. They also assisted an officer in the preparation of a composite sketch of the robber.

One of the investigating officers was Detective Ken Copeland. During the investigation, he received a tip that Defendant was the robber and that she was staying at a local residence. Copeland and other officers began conducting surveillance of the house, and while doing so a woman Copeland knew came out of the house and approached him. He showed the woman the composite sketch of the robber, and she indicated that someone who looked like the person in the sketch was inside the house.

Later, Defendant came out of the house with a 79–year–old woman and they entered a cream-colored station wagon. As they attempted to drive away, police officers stopped the vehicle and arrested Defendant. During a search of the vehicle, the officers recovered an eight-shot .22 caliber revolver and two boxes of ammunition from under the front passenger seat.

After Defendant was booked and photographed at the police department, the Starretts were shown a photographic lineup containing Defendant's picture. From these photographs, both Starretts identified Defendant as the robber.

At trial, David Starrett testified that the pistol recovered from the station wagon was similar to the one used by the robber and

---

1. Statutory references are to RSMo 1986 unless otherwise stated.

that it looked like the weapon used in the robbery. When asked how sure he was that the recovered gun was the same one used in the robbery, he answered, "I'm as sure as I can be."

■ Defendant first attacks the admissibility of the pistol and ammunition, saying these items were evidence of other bad acts and irrelevant to the crimes charged against Defendant.[2] However, when the prosecutor offered the pistol and ammunition into evidence, Defendant failed to object. In addition, the issue raised by this point was not presented in Defendant's motion for new trial.[3]

The general rule with respect to preservation of error is that "an objection stating the grounds must be made at the time the evidence is sought to be introduced, the same objection must be set out in the motion for new trial and must be carried forward in the appeal brief in order to preserve it."

*State v. Moiser,* 738 S.W.2d 549, 562 (Mo. App.1987), *quoting State v. Pospeshil,* 674 S.W.2d 628, 632 (Mo.App.1984). Therefore, Defendant's contention is not preserved for our review.

However, under Rule 30.20[4] we may consider "plain errors affecting substantial rights . . . in the discretion of the court when the court finds that manifest injustice or miscarriage of justice has resulted therefrom." Plain error is evident, obvious and clear error. *State v. Bailey,* 839 S.W.2d 657, 661 (Mo.App.1992). The record shows no such error occurred here.

■ Physical evidence is admissible if it sheds any relevant light upon a material matter at issue. *State v. Friend,* 822 S.W.2d 938, 944 (Mo.App.1991). Here, one of the elements of first degree robbery is that De-

fendant used physical force or threatened the immediate use of physical force. MAI–CR 3d 323.02. Additionally, one of the elements of armed criminal action is that Defendant committed first degree robbery with the use of a deadly weapon. MAI–CR 3d 332.02. Therefore, the pistol and ammunition were relevant to prove elements in each offense, and this evidence shed light on material facts in issue.

Weapons not directly connected with the defendant may be admitted into evidence when they bear on the crime with which he is charged. *State v. Young,* 701 S.W.2d 490, 496 (Mo.App.1985); *State v. Greathouse,* 519 S.W.2d 299, 302 (Mo.App.1975). The identity of a weapon does not have to be "wholly unqualified" for it to be admitted into evidence. *State v. Collins,* 607 S.W.2d 712, 715 (Mo.App.1980). It is sufficient if the weapon offered into evidence "appeared to be of the same type," "was very similar," and was "approximately like" the one used in the offense. *State v. Crowley,* 571 S.W.2d 460, 463 (Mo.App. 1978). The weight to be given to the identification of a weapon is for the jury. *State v. Stancliff,* 467 S.W.2d 26, 30 (Mo. 1971).

*State v. Friend,* 822 S.W.2d at 944.

Here, one of the victims stated that the pistol recovered from the vehicle in which Defendant was arrested was similar to (and looked like) the one used by Defendant in the robbery. The recovered weapon was thus sufficiently connected to Defendant to bear on the crime with which she was charged. We find no error, plain or otherwise.

Defendant's last point is that the trial court plainly erred in giving Instruction No. 4, based on MAI–CR 3d 302.04, in that the instruction erroneously defined reasonable doubt. In *State v. Blankenship,* 830 S.W.2d

---

**2.** Prior to trial, Defendant's motion to suppress this evidence based on an unlawful search and seizure was denied.

**3.** Defendant's motion for a new trial does include an allegation that the trial court erred by overruling Defendant's motion in limine to preclude State attorneys and witnesses from saying anything about the fact that Defendant was arrested in a vehicle in which were found a .22 caliber pistol and two boxes of .22 caliber ammunition.

However, this is not the same allegation made in Defendant's point on appeal. Furthermore, the record before us includes no motion in limine that even remotely resembles the one Defendant describes in this allegation in her new trial motion.

**4.** Rule references are to Missouri Rules of Court (1992).

1, 13 (Mo.banc 1992), the Court rejected the same contention and said that the instruction has been repeatedly upheld. This point has no merit.

### No. 18666

■ On this appeal, Defendant contends that the motion court erred in denying, without an evidentiary hearing, her Rule 29.15 motion for postconviction relief because her appointed counsel failed to properly represent her as required by Rule 29.15(e). Specifically, Defendant alleges her appointed counsel failed to file a timely amended motion and, as a result, she received no assistance of counsel after filing her pro se motion.

On June 3, 1992, Defendant filed a timely pro se motion under Rule 29.15, and on June 5, 1992, the motion court promptly appointed a public defender to represent Defendant. Any amended motion was due within 30 days after this appointment. Rule 29.15(f).

On June 19, 1992, Defendant's appointed attorney filed a motion for an extension of time to file an amended motion because the trial transcript from the underlying criminal case was unavailable. On July 1, 1992, Defendant was granted an additional 30 days to file the motion.

By July 14, 1992, the transcript on appeal was filed and available to Defendant, and on July 16, 1992, Defendant filed a second motion for an extension of time to file an amended motion, and the motion court ruled that the original 30–day extension started on the date the trial transcript was filed, in accordance with *State v. White*, 798 S.W.2d 694, 696 (Mo.banc 1990). As a result, Defendant's amended motion was due August 13, 1992. However, Defendant's counsel filed the amended motion on September 8, 1992.

On January 29, 1993, the motion court struck Defendant's amended motion as untimely filed. Noting that no request for a hearing had been filed, the motion court then concluded that the files and records of the case conclusively showed that Defendant was not entitled to relief on her pro se motion. The court therefore dismissed Defendant's case.

The State's brief includes the following response to this record:

> In light of the Supreme Court's holdings in *Sanders v. State*, 807 S.W.2d 493 (Mo.banc 1991), and *Luleff v. State*, 807 S.W.2d 495 (Mo.banc 1991), [the State] cannot dispute [Defendant's] claim that her postconviction case should be remanded for a determination of whether appointed counsel complied with the provisions of Supreme Court Rule 29.15(e) and 29.15(f).

The State is correct.

Like *Sanders*, the record in this case reveals that Defendant's counsel determined that there was a sound basis for amending the pro se motion but failed to timely file the amended motion as required by Rule 29.15(f). According to *Sanders*, such failure is another form of "abandonment" by postconviction counsel. 807 S.W.2d at 495.

Therefore, this case must be reversed and remanded to the motion court for further proceedings as directed by *Sanders*. Clear guidance to the motion court and the parties for proceeding further is provided by *Sanders* and need not be repeated here. However, we should emphasize that, upon remand, if the motion court determines that the untimely filing of the amended motion resulted exclusively from counsel's action or inaction, the motion court should consider the amended motion as having been timely filed and proceed according to Rule 29.15.

It is so ordered.

PARRISH, C.J., and SHRUM, J., concur.