**Larry TAYLOR, Movant–Appellant**

v.

**STATE of Missouri, Defendant– Respondent.**

**No. 19526.**

Missouri Court of Appeals,
Southern District,
Division Two.

Oct. 24, 1994.

Motion for Rehearing and/or Transfer to Supreme Court Denied Nov. 14, 1994.

Application to Transfer Denied
Dec. 20, 1994.

Larry Taylor, pro se.

Jeremiah W. (Jay) Nixon, Atty. Gen., Breck K. Burgess, Asst. Atty. Gen., Jefferson City, for respondent.

PARRISH, Judge.

Larry Taylor (movant) appeals an order from the Circuit Court of Howell County, Missouri, denying his Rule 29.15 motion. His convictions for manufacturing marijuana and possession of marijuana were affirmed in *State v. Taylor*, 857 S.W.2d 482 (Mo.App. 1993). Movant's Rule 29.15 motion was remanded for hearing to determine whether his post-conviction counsel performed the duties required by Rule 29.15(e) and whether fail-

ure to file an amended post-conviction motion was the fault of movant. *Id.* at 488.

After conducting a hearing the motion court found that movant's post-conviction counsel complied with the requirements of Rule 29.15(e); that failure to file an amended Rule 29.15 motion was the result of the negligence or intentional conduct of movant.

After movant filed a pro se Rule 29.15 motion and post-conviction counsel was appointed, the appointed counsel sent a questionnaire to movant to ascertain whether an amended motion should be filed and, if so, what additional facts and grounds should be alleged. The questionnaire and a letter explaining it were mailed to movant January 17, 1992. The questionnaire and letter were sent to movant's home address. He was free on bond pending appeal of his criminal case.

Movant did not return the questionnaire. On February 18, 1992, his appointed counsel again wrote to him. Counsel told movant that the court had allowed until March 7, 1992,[1] in which to file an amended motion. The letter explained that the documents that had been sent to movant had not been returned; that the questionnaire was necessary to supply information needed to prepare the amended motion. The letter cautioned, "Do not wait to the last minute to give me the information. It will only serve to hamper my representation." The counsel told movant to contact him if movant had any questions.

Movant's counsel received the questionnaire from movant on February 28, 1992. He prepared an amended motion. He mailed it to movant on March 4, 1992, with written instructions. The instructions stated counsel's opinion that movant would not be successful in his attempt to find relief under Rule 29.15. They advised movant, "Nonetheless, if you wish to pursue this postconviction action, you will need to sign the amended motion, have your signature verified by a notary public and file the document with the Howell County Clerk, no later than Monday, March 9, 1992." The letter further informed movant that failure to file the amended motion on or before March 9, 1992, would "ren-

---

1. Because March 7 was a Saturday, movant had until March 9, 1992, to file the amended motion.

Rule 20.01(a).

der the amended motion and request for a hearing moot."

Movant did not file the amended motion. He had been instructed to return a signed copy of the amended motion to his counsel. When movant's counsel did not receive a copy of the motion, he called the Howell County Circuit Clerk's office and learned that the amended motion had not been filed. He again wrote movant and asked why he had not filed the amended motion. Movant did not reply.

This court notes one inaccuracy in the motion court's findings of fact. The motion court found that movant's appointed counsel mailed the proposed amended motion to movant "via overnight mail." Although the attorney testified that was his usual practice, other evidence revealed that the motion was sent to movant by first class mail. Notwithstanding, the evidence is clear that movant received the amended motion and the written instructions of his appointed counsel on March 7, 1992.

The motion court found that the amended Rule 29.15 motion was not filed due to the negligence or intentional conduct of movant. That determination is supported by the evidence. The motion court's findings of fact and conclusions of law are not clearly erroneous. No error of law appears. *See Sanders v. State*, 807 S.W.2d 493, 495 (Mo. banc 1991). Further opinion would have no precedential value. The order of the motion court is affirmed in accordance with Rule 84.16(b).

GARRISON, P.J., and PREWITT, J., concur.