**STATE of Missouri, Respondent,**

v.

**Ozie COLLINS, Appellant.**

**Ozie COLLINS, Movant–Appellant**

v.

**STATE of Missouri, Respondent.**

**Nos. 64521, 66125.**

Missouri Court of Appeals,
Eastern District,
Division Three.

Jan. 31, 1995.

Gary E. Brotherton, Office of the State Public Defender, Columbia, for appellant.

Jeremiah W. (Jay) Nixon, Atty. Gen., Michelle A. Freund, Asst. Atty. Gen., Jefferson City, for respondent.

Before CRANE, P.J., and CRANDALL and DOWD, JJ.

PER CURIAM.

Defendant, Ozie Collins, appeals his judgments of conviction, after a jury trial, for robbery in the first degree, armed criminal action, robbery in the first degree, and armed criminal action. He was sentenced as a persistent offender to imprisonment for thirty years, a consecutive term of thirty years, a consecutive term of life imprisonment, and a concurrent term of life imprisonment, respectively. No jurisprudential purpose would be served by a written opinion on defendant's direct appeal. The judgments of conviction are affirmed. Rule 30.25(b).

Defendant also appeals from the denial of his Rule 29.15 motion without an evidentiary hearing. In his second point on appeal, defendant asserts he was effectively abandoned by his post-conviction counsel because counsel failed to timely file a verified amended Rule 29.15 motion for postconviction relief, a point conceded by the State. Defendant's Rule 29.15 motion is remanded for the limited purpose of determining why counsel failed to file a timely verified amended motion. *See Sanders v. State,* 807 S.W.2d 493, 495 (Mo. banc 1991); *Luleff v. State,* 807 S.W.2d 495, 498 (Mo. banc 1991).

Defendant's sixth point on appeal alleges ineffective assistance of counsel due to counsel's failure to object to the admission of certain evidence. No error of law appears. A written opinion on this point would have no precedential value. Defendant's point is denied. Rule 84.16(b).

Defendant's judgments of conviction are affirmed. Defendant's Rule 29.15 motion is remanded to the motion court for the limited purpose of determining why counsel did not file a timely verified amended motion.