Darrell ISAIAH, Appellant,

v.

STATE of Missouri, Respondent.

No. WD 51749.

Missouri Court of Appeals,
Western District.

June 18, 1996.

Ellen H. Flottman, Asst. Public Defender, Columbia, for Appellant.

Jeremiah W. (Jay) Nixon, Atty. Gen., David R. Truman, Asst. Atty. Gen., Jefferson City, for Respondent.

Before FENNER, C.J., P.J., and HANNA and LAURA DENVIR STITH, JJ.

FENNER, Chief Judge.

Appellant, Darrell Isaiah, was convicted of first degree murder, § 565.020.1, RSMo 1986, and armed criminal action, § 571.015, RSMo 1986. Isaiah was sentenced to life imprisonment without the possibility of probation or parole on the murder charge and twenty years imprisonment on the armed criminal action charge.

Isaiah subsequently appealed from the judgment of conviction. Isaiah also filed a *pro se* motion for post-conviction relief under Rule 29.15. Counsel was appointed on the post-conviction motion and counsel filed an amended motion. Isaiah's original appointed counsel was then permitted to withdraw and new counsel was appointed. Isaiah's new attorney filed a second amended motion. A hearing was then held on Isaiah's motions after which Judge Jon Gray granted Isaiah's motions and ordered a new trial. Judge Gray's ruling was appealed to this court and that appeal was consolidated with Isaiah's direct appeal.

In *State v. Isaiah,* 874 S.W.2d 429 (Mo. App.1994), this court affirmed Isaiah's convictions and reversed the judgment of Judge Gray on Isaiah's postconviction motion remanding for the motion court to consider whether Isaiah was abandoned by his post-conviction counsel. In *Isaiah I,* this court found that the second amended motion was untimely and unverified. *Id.* at 435. This

court also found that the first amended motion was untimely, but directed that if Isaiah was found on remand to have been abandoned by his first appointed motion counsel, the motion court was to permit the filing of the first amended motion and proceed thereon. *Id.* at 435–36.

Upon remand, the state filed a motion to disqualify Judge Gray. Judge Gray entered an order of disqualification and the cause was assigned to Judge K. Preston Dean II. Judge Dean held a hearing and determined that Isaiah had not been abandoned by motion counsel. Isaiah appeals Judge Dean's ruling arguing that the record reflected that he was abandoned by motion counsel. The state concedes that the motion judge erred and that the case should be remanded for consideration of the merits of Isaiah's first amended motion only.

The controlling cases in regard to abandonment of motion counsel are *Sanders v. State,* 807 S.W.2d 493 (Mo. banc 1991) and *Luleff v. State,* 807 S.W.2d 495 (Mo. banc 1991).

*Luleff* addresses the circumstances where counsel takes no action to comply with the requirements of Rule 29.15(e), which provides, in relevant part as follows:

> Counsel shall ascertain whether sufficient facts supporting the grounds [for vacating, setting aside or correcting the judgment or sentence] are asserted in the [*pro se* ] motion and whether the movant has included all grounds known to him as a basis for attacking the judgment and sentence. If the motion does not assert sufficient facts or include all grounds known to the movant, counsel shall file an amended motion that sufficiently alleges the additional facts and grounds.

As the Supreme Court noted in *Luleff,* "[a]bsent some performance by appointed counsel, the motion court cannot determine whether the *pro se* pleading can be made legally sufficient by amendment or whether there are other grounds for relief known to movant but not included in the *pro se* motion." *Luleff,* 807 S.W.2d at 498. The *Luleff* court remanded because the record in that case reflected "absence of any activity whatsoever

by appointed counsel on movant's behalf at any time during the proceedings." *Id.*

In *Sanders,* however, the Supreme Court considered abandonment which occurs "where the record reflects that counsel has determined that there is a sound basis for amending the *pro se* motion but fails timely to file the amended motion." *Sanders,* 807 S.W.2d at 494–95. Because of the strict time bars in post-conviction proceedings, such a failure amounts to an abandonment, as a motion court is without jurisdiction to consider an untimely filed amended motion or to grant additional time. *Id.* In other words, while a *Luleff* inquiry focuses on counsel's compliance with Rule 29.15(e), a *Sanders* inquiry addresses whether counsel complied with the time limits set forth in Rule 29.15(f). Accordingly, the standards for the two inquires are different.

Under *Luleff,* abandonment occurs where counsel takes no action to comply with the requirements of Rule 29.15 and counsel's inattention is not the result of movant's negligence or failure to act. *Luleff,* 807 S.W.2d at 498.

Under *Sanders,* abandonment results when counsel determines there is a sound basis for amending a *pro se* motion, but fails to file a timely amended motion and the untimeliness is not the result of negligent or intentional conduct of the movant. *Sanders,* 807 S.W.2d at 494–95.

At the hearing on remand, Isaiah's first appointed motion counsel testified that she was appointed to represent him on April 12, 1991. She testified that she requested an extension of time to file an amended motion which was granted until October 18, 1991, which is the day upon which counsel filed the first amended motion. Nonetheless, the maximum period of time allowed pursuant to Rule 29.15(f) for the filing of an amended motion is 60 days from the date of appointment of counsel. In this case, the 60–day period of Rule 29.15(f) allowed for the amended motion to be filed no later than October 11, 1991.

Counsel testified that she relied upon the October 18, 1991, date in the extension order and did not independently check the maxi-

mum time for her to file an amended motion under Rule 29.15(f). She further testified that Isaiah did nothing either intentionally or unintentionally, to prevent her from determining the correct filing date, or from filing the motion in a timely fashion.

In the case at bar, counsel believed there was a sound basis for filing an amended motion and appellant was not responsible, through intentional or negligent conduct, for counsel's failure to file the amended motion in a timely fashion. Accordingly, the motion court erred by finding that appellant was not abandoned by counsel. This constitutes abandonment as addressed in *Sanders,* 807 S.W.2d at 493.

■ Isaiah's second point is somewhat confusing. In his second point, Isaiah argues that "the motion court did not clearly err in failing to recuse himself sua sponte" because the record does not reflect prejudice. Isaiah's argument as we understand it is that Judge Gray was not required to recuse himself upon remand from *Isaiah I.*

In *Isaiah I,* the state argued that Judge Gray should have recused himself in the motion hearing because he was biased. The court reversed on other grounds and stated that the state's claim of bias could be raised on remand. *Isaiah I,* 874 S.W.2d at 436. The record now before us reflects that on remand from *Isaiah I,* Judge Gray recused himself and the cause was reassigned by the presiding judge. Isaiah's argument that Judge Gray was not required to recuse himself is moot by virtue of the fact that Judge Gray has entered an order of recusal and the matter has been reassigned to Judge Dean. Having recused himself, Judge Gray is no longer qualified to act in this matter, which renders Isaiah's argument moot.

Isaiah further argues that Judge Gray's initial order granting post-conviction relief and ordering a new trial should be reinstated. This issue was addressed in *Isaiah I.* In *Isaiah I,* this court held that if the motion court determined on remand that Isaiah was abandoned by counsel, that he was entitled to proceed only on the claims made under his first amended motion. *Isaiah I,* 874 S.W.2d at 436. Isaiah's second amended motion was found not to have invoked the jurisdiction of

the court. *Id.* at 435. In *Isaiah I,* this court remanded for a new hearing, not for reinstatement of Judge Gray's previous judgment, in that the court found that Judge Gray had considered matters outside the jurisdiction of the court.

The judgment of the motion court is reversed and this cause remanded for a hearing on the merits on Isaiah's first amended motion.

All concur.