

# Missouri Court of Appeals
## Southern District

### Division One

WESLEY HATMON,                          )
                                        )
      Movant-Appellant,        )
                                        )
v.                                      )     No. SD37074
                                        )     Filed: March 16, 2022
STATE OF MISSOURI,                      )
                                        )
      Respondent-Respondent.   )

### APPEAL FROM THE CIRCUIT COURT OF DALLAS COUNTY

Honorable Lisa Carter Henderson, Associate Circuit Judge

## VACATED AND REMANDED WITH DIRECTIONS

Wesley Hatmon (Movant) appeals from an order denying his amended Rule 24.035 motion for post-conviction relief to set aside his conviction for the class C felony of driving while intoxicated as an aggravated offender. *See* § 577.010.[1]  Movant contends the motion court clearly erred by: (1) finding Movant was *not* abandoned by appointed post-conviction counsel, who, according to the court's own findings, filed an untimely amended motion through no fault of Movant; and (2) ruling on the merits of the untimely amended

---

[1] All rule references are to Missouri Court Rules (2016).  All statutory references are to RSMo Cum. Supp. (2011).

motion. We agree. Therefore, we vacate the order denying relief on the merits and remand for further proceedings consistent with this opinion.

This is the second appeal in this post-conviction proceeding. In the first appeal, appointed counsel had filed an amended motion ten days late, but the "issue of the timeliness of the amended motion was neither mentioned in the Rule 24.035 hearing, nor addressed in the findings of facts and conclusions of law." ***Hatmon v. State***, 603 S.W.3d 927, 928 (Mo. App. 2020). Instead, the motion court ruled on the merits of the amended motion and denied post-conviction relief. *Id*. at 927. This Court reversed the judgment and remanded the case to the motion court "with instructions to make an independent inquiry on the abandonment issue." *Id*. at 928.

In September 2020, the motion court conducted such an inquiry. At a hearing on the matter, appointed counsel testified that she had filed the amended motion late due to a miscalculation of the due date, through no fault of Movant. The court agreed that Movant "had nothing to do with the late filing" of the amended motion, and orally ruled that Movant "was abandoned by the late filing of that motion."

On December 9, 2020, however, the motion court reached a different conclusion. The court entered an "Amended Order Denying Movant's Motion to Vacate, Set Aside, or Correct Judgment and Sentence under Rule 24.035, and **Finding of No Abandonment by Counsel**[.]" (Emphasis added.) Therein, the court found that the untimely filing of the amended motion was "not the result of Movant's negligence or intentional conduct[,]" but rather was caused solely by counsel's miscalculation of the due date. The court then stated that this raised "the presumption of abandonment" and that "under the analysis in *Sanders v. State*, 807 S.W.2d 493 (Mo. banc 1991), the belated filing of the amended motion should be permitted."

2

The motion court went on to conclude that because a hearing had already been held on the merits, Movant was not prejudiced by the late filing, and thus he "was **not abandoned** by counsel." (Emphasis added.) The court stated:

> Despite the untimeliness of the filing of the amended motion, the motion was in essence, permitted. The motion court finds that Movant received the benefit of having the merits of his claims presented and determined at a hearing on the amended motion and was not prejudiced in any manner. So, while the untimely filing of the amended motion created the presumption of abandonment, the motion court finds that this presumption has been overcome and that Movant-Appellant was not abandoned by counsel.

The court also stated that a further hearing on the motion would serve no purpose and only frustrate a fundamental purpose of Rule 24.035 to have a timely adjudication of all claims in a single proceeding. The court then incorporated its previous findings and conclusions addressing the claims in the amended motion, and denied post-conviction relief.

Thereafter, Movant filed a motion to amend the judgment to find that Movant *was* abandoned, but that motion was denied. This appeal followed.

On appeal, this Court reviews the motion court's findings and conclusions for clear error:

> Appellate review of an order denying a motion for post-conviction relief is limited to a determination of whether the court's findings of fact and conclusions of law are "clearly erroneous." Rule 24.035(k); *Booker v. State*, 552 S.W.3d 522, 526 (Mo. banc 2018). "The motion court's findings and conclusions are clearly erroneous only if," after review of the record, this Court is "left with a definite and firm impression that a mistake was made." *Ross v. State*, 335 S.W.3d 479, 480 (Mo. banc 2011); *Booker*, 552 S.W.3d at 526.

*Jones v. State*, 635 S.W.3d 875, 877 (Mo. App. 2021). For the following reasons, the motion court's decision to reach the merits of the untimely amended motion without finding abandonment was clearly erroneous.

3

"When an untimely amended motion is filed, the motion court has a duty to undertake an independent inquiry to determine if abandonment occurred." **Smiley v. State**, 637 S.W.3d 705, 706 (Mo. App. 2022); *see also* **Moore v. State**, 458 S.W.3d 822, 825 (Mo. banc 2015).

> If the motion court finds that a movant has not been abandoned, the motion court should not permit the filing of the amended motion and should proceed with adjudicating the movant's initial motion. *Sanders*, 807 S.W.2d at 495. *See also Luleff*, 807 S.W.2d at 498 ("If counsel's apparent inattention results from movant's negligence or intentional failure to act, movant is entitled to no relief other than that which may be afforded upon the *pro se* motion."). If the motion court determines that the movant was abandoned by appointed counsel's untimely filing of an amended motion, the court is directed to permit the untimely filing. *Sanders*, 807 S.W.2d at 495.

**Moore**, 458 S.W.3d at 825-26.

As noted above, Movant's amended motion was not timely filed by appointed counsel. In the prior appeal, we remanded the case so the motion court could conduct an independent inquiry into the reason(s) for the untimely filing. The motion court did so and initially found abandonment by appointed counsel. As stated in **Moore**, that finding required the motion court to permit the untimely filing and to address the merits of the amended motion. **Id**. The motion court did so.

After the hearing, however, the motion court unexpectedly withdrew the finding of abandonment. The court decided that, because the merits of the amended motion had been addressed, Movant suffered no prejudice from the late filing. That rationale was clearly erroneous because it conflated the **Strickland** prejudice analysis,[2] which is used when addressing the merits of the amended motion, with the abandonment analysis, which is used to excuse the untimeliness of the amended motion. Without a finding of abandonment

---

[2] *See* **Strickland v. Washington**, 466 U.S. 668 (1984).

4

by appointed counsel, the motion court lacked the authority to address the merits of the untimely amended motion. *See Moore*, 458 S.W.3d at 826; *Smiley*, 637 S.W.3d at 706 (the result of the abandonment inquiry determines which motion – the initial *pro se* motion or the amended motion – the court should adjudicate).

The order denying Movant's amended motion on the merits is vacated. On remand, the motion court is directed to determine whether: (1) Movant was abandoned by appointed counsel, which will require the court to address the merits of the amended motion; or (2) Movant was not abandoned by appointed counsel, which will require the court to address only the initial *pro se* motion.

JEFFREY W. BATES, J. – OPINION AUTHOR

WILLIAM W. FRANCIS, JR., P.J. – CONCUR

JACK A. L. GOODMAN, J. – CONCUR