

# In the Missouri Court of Appeals
## Eastern District

### DIVISION THREE

GEORGE JOYNER, ) No. ED111759
)
    Appellant, ) Appeal from the Circuit Court
) of St. Louis County
v. )
) Honorable Ellen H. Ribaudo
STATE OF MISSOURI, )
)
    Respondent. ) Filed: March 12, 2024

Movant George Joyner appeals the denial of his motion to treat his amended motion for post-conviction relief as timely filed. Because the circuit court's judgment did not dispose of the claims raised in Movant's *pro se* motion, it is not a final judgment and we must dismiss Movant's appeal.

### *Background*

A jury found Movant guilty of first-degree domestic assault, attempted first-degree assault, and two counts of armed criminal action. The trial court sentenced Movant, as a prior offender, to a total of twenty years' imprisonment. This Court affirmed Movant's convictions and sentences on direct appeal. *State v. Joyner*, 606 S.W.3d 715 (Mo. App. E.D. 2020).

On June 17, 2019, while Movant's direct appeal was pending in this Court, Movant filed a *pro se* motion for post-conviction relief in the circuit court pursuant to Rule 29.15. The circuit court appointed the Office of the Public Defender to represent Movant on July 31, 2019. Appointed

counsel entered her appearance and filed a motion to hold Movant's premature filing open pending conclusion of the direct appeal, which the circuit court granted.

This Court issued its mandate in Movant's direct appeal on October 8, 2020.[1] After the mandate issued, appointed counsel filed two motions, each requesting a 30-day extension of time in which to file an amended post-conviction motion.[2] The circuit court granted each motion.[3] This extended the deadline for filing the amended motion to February 5, 2021.[4] Appointed counsel did not file the amended motion until May 19, 2022, over fifteen months after time had expired to file the motion.

Along with the untimely amended motion, appointed counsel filed a *Sanders* motion requesting that the circuit court treat the amended motion as timely filed. *Sanders v. State*, 807 S.W.2d 493 (Mo. banc 1991). The motion alleged that counsel was unable to review the trial transcript and case files, consult with Movant, investigate possible grounds for relief, and timely file the amended motion because: (1) after counsel's office was shut down due to COVID, counsel took her files home and later misplaced Movant's file when she moved houses; and (2) there was a "life threatening illness in counsel's immediate family, as well as a continuing case load." Lastly, the motion alleged that the untimeliness of Movant's amended motion was not the fault of Movant.

---

[1] By operation of Rule 29.15, Movant's prematurely-filed *pro se* motion was considered as filed on October 8, 2020 – the date on which the mandate issued in Movant's direct appeal. Rule 29.15(b)(effective 1 January 2018)(providing that if the motion for post-conviction relief "is filed prematurely, such motion shall be considered as filed immediately after … the date of the mandate of the appellate court issues affirming the judgment or sentence"). Because the circuit court had previously appointed counsel, Movant's amended motion for post-conviction relief was due by December 7, 2020. Rule 29.15(g)(effective 1 January 2018)("If an appeal of the judgment sought to be vacated, set aside, or corrected is taken, the amended motion … shall be filed within 60 days of the earlier of the date both the mandate of the appellate court is issued and: (1) Counsel is appointed ….").

[2] Appointed counsel filed the first motion for an extension of time on October 13, 2020. The second motion for an extension of time in which to file an amended post-conviction motion was filed on November 16, 2020.

[3] Rule 29.15(g)(effective 1 January 2018) provides that the court may extend the time for filing the amended motion, with "the total of all extensions not to exceed 60 days."

[4] The parties do not dispute that, with the extensions of time, the amended motion was due February 5, 2021.

The State moved to dismiss Movant's amended motion as untimely and to proceed with the post-conviction matter under Movant's *pro se* filing.

The circuit court held a hearing on the parties' respective motions. The circuit court thereafter entered its order and judgment in which the court noted that it had heard arguments of counsel and that it had reviewed the pleadings and the relevant law. The motion court determined that Movant failed to establish that he was abandoned by appointed counsel, and thus denied Movant's motion to consider the amended motion as timely filed. Nothing in the record or the circuit court's judgment shows that the circuit court adjudicated the claims in Movant's *pro se* motion. Movant now appeals.

### *Discussion*

"In order for this Court to review an appeal, the appeal must be taken from a final judgment." *Rogers v. State*, 610 S.W.3d 733, 736 (Mo. App. E.D. 2020); *Green v. State,* 494 S.W.3d 525, 527–28 (Mo. banc 2016)(superseded by rule on other grounds as stated in *Creighton v. State,* 520 S.W.3d 416, 422 n.8 (Mo. banc 2017)); Section 512.020(5). "A final judgment is one that resolves all claims and issues in a case, leaving nothing for future determination." *Rogers*, 610 S.W.3d at 736 (internal quotation omitted). "Because a final judgment is a prerequisite for appeal, we are obligated to dismiss an appeal for lack of a final judgment." *Id*.

In the context of a motion for post-conviction relief, if the circuit court's judgment indicates that the circuit court did not "acknowledge, adjudicate, or dispose" of all the claims raised in the motion, the judgment is not a final judgment and this Court is mandated to dismiss the appeal without considering its merits. *Rogers*, 610 S.W.3d at 736; *see also, e.g.*, *Huckleberry v. State*, 674 S.W.3d 801, 803 (Mo. App. S.D. 2023); *Abbott v. State*, 654 S.W.3d 377, 380 (Mo. App. E.D. 2022); *Conn v. State*, 564 S.W.3d 386, 387 (Mo. App. E.D. 2018); *Harshman v. State*, 538 S.W.3d

375, 378 (Mo. App. W.D. 2018); *Strickland v. State*, 521 S.W.3d 246, 251 (Mo. App. W.D. 2017)(dismissing appeals where the circuit court's judgment failed to dispose of all claims included in motions for post-conviction relief filed pursuant to Rules 29.15 or 24.035).

Here, the circuit court did not acknowledge, adjudicate, or dispose of the claims in Movant's *pro se* motion. That motion was timely filed and properly before the circuit court. When, as here, a circuit court finds that a movant was not abandoned, the circuit court should adjudicate the movant's initial *pro se* motion for post-conviction relief. *Moore v. State*, 458 S.W.3d 822. 825 (Mo. banc 2015); *Silver v. State*, 477 S.W.3d 697, 698 (Mo. App. E.D. 2015). The circuit court did not do so here. Movant's *pro se* motion remains pending before the circuit court. The circuit court's judgment from which Movant has appealed is thus not a final judgment and we are mandated to dismiss this appeal.[5]

---

[5] Movant in this appeal alleged that the circuit court clearly erred finding that counsel had not abandoned Movant. Should Movant appeal the circuit court's ruling on remand, and wish to raise this same challenge, we remind Movant and the circuit court that to adequately review the issue of abandonment of counsel, the record must be clear enough for this Court to decide whether or not the motion court's finding with respect to abandonment was clearly erroneous. *Johnson v. State*, 612 S.W.3d 256, 259 (Mo. App. E.D. 2020); *Anderson v. State*, 623 S.W.3d 613, 617 (Mo. App. E.D. 2021)(reversing and remanding matter to the motion court, in part because there was not an adequate record of inquiry into abandonment). The untimely filing of an amended motion by post-conviction counsel raises a presumption of abandonment. *Id*. The burden is on the movant "to demonstrate that the untimeliness is not the result of negligence or intentional conduct of the movant, but is due to counsel's failure to comply with the requirements of the rule." *Sanders v. State*, 807 S.W.2d 493, 495 (Mo. banc 1991). Relief is proper only when a movant is free of responsibility for the failure to comply with the [rule's requirements]." *Id*. A motion seeking leave to file an amended motion out of time must set forth facts, not conclusions, showing justification for untimeliness. *Id*. "Where insufficiently informed, the court is directed to make independent inquiry as to the cause of the untimely filing." *Id*. "The [circuit] court must independently inquire into post-conviction counsel's claims and the movant's replies to those claims including the possibility that a movant's negligence or failure to act cause the untimely filing of the amended motion." *Johnson*, 612 S.W.2d at 259; *Anderson*, 623 S.W.3d at 616. If the circuit court determines that the untimeliness resulted from negligence or intentional conduct on the part of the movant, the court shall not permit the filing of the amended motion. *Sanders*, 807 S.W.2d at 495. "Should the failure to file a timely amended motion result from inattention of counsel, the court shall permit the filing." *Id*.

The circuit court held a hearing on the abandonment. No transcript of that hearing was filed with this Court. The method of making an inquiry into abandonment "may be as formal or informal as the [circuit] court deems necessary to resolve the question of abandonment by counsel, including, but not limited to, a written response and opportunity to reply, a telephone conference call, or a hearing." *Johnson*, 612 S.W.2d at 259; *Anderson*, 623 S.W.3d at 617. However, even though there is no exhaustive list of methods of inquiry, the circuit court must make a sufficient record of its inquiry. *Id*. Further, it is Movant's responsibility, as appellant, to provide that record for appellate review. Rule 81.12.

4

## *Conclusion*

We dismiss this appeal for lack of a final judgment and remand the cause to the circuit court for further proceedings consistent with this opinion.


<br>

Angela T. Quigless, Judge


Lisa P. Page, P.J. and
Gary M. Gaertner, Jr., J., concur.