**William N. SCHILTZ, Appellant,**

v.

**STATE of Missouri, Respondent.**

**No. WD 51094.**

Missouri Court of Appeals,
Western District.

Jan. 2, 1996.

Rose M. Wibbenmeyer, Office of the State Public Defender, Columbia, for appellant.

Jeremiah W. (Jay) Nixon, Attorney General, Christine M. Kocot, Assistant Attorney General, Jefferson City, for respondent.

Before BRECKENRIDGE, P.J., and ULRICH and LAURA DENVIR STITH, JJ.

ULRICH, Judge.

Mr. William Schiltz appeals the motion court's denial of his Rule 24.035 motion without first ensuring that appointed postconviction counsel had fully complied with the requirements of Rule 24.035(e) due to postconviction counsels failure to file either an amended motion or a notice of determination not to file an amended motion and failure to request an evidentiary hearing.

The case is remanded for further proceedings.

Mr. Schiltz was charged by information with two counts of involuntary manslaughter, in violation of Section 565.024 RSMo (1994). On October 7, 1994, Mr. Schiltz pleaded guilty to both counts. Before accepting Mr. Schiltz's pleas the court questioned him about his understanding of the charges, the plea agreement, and the rights he would be waiving by entering a guilty plea. Mr. Schiltz told the Court that he had an adequate opportunity to discuss the case with his attorney and that he was satisfied with counsel's services.

The court found Mr. Schiltz's pleas to be voluntary, knowing and intelligent. The court sentenced him to a term of six years imprisonment on each count to be served consecutively.

Mr. Schiltz filed a timely pro se Rule 24.035 motion. Post-conviction counsel was appointed and entered his appearance on January 17, 1995. Counsel requested an extension of time to file an amended motion. This request was granted and counsel was given until March 5, 1995, to file his amended motion. On March 14, 1995, the motion court ordered that a hearing not be held on Mr. Schiltz's post-conviction claim and for the parties to file proposed findings of fact and conclusions of law in 15 days. On March 17, 1995, counsel filed a motion to rescind the court's order and requested an additional extension of time to file the amended motion.

On April 12, 1995, the motion court entered findings of fact and conclusions of law denying Mr. Schiltz's motion for post-conviction relief without an evidentiary hearing.

The only issue on appeal is whether the motion court clearly erred in denying the Rule 24.035 motion without first ensuring that postconviction counsel had fully complied with the requirements of Rule 24.035. The pertinent part of Rule 24.035(e) provides:

Counsel shall ascertain whether sufficient facts supporting the grounds are asserted in the motion and whether the movant has included all grounds known to him as a basis for attacking the judgment and sentence. If the motion does not assert sufficient facts or include all grounds known to the movant, counsel shall file an amended motion that sufficiently alleges the additional facts and grounds.

■■■ If the record does not indicate whether appointed counsel made the determinations required by Rule 24.035, a presumption that counsel failed to comply is created. *Luleff v. State*, 807 S.W.2d 495, 498 (Mo. banc 1991). If counsel determines that filing an amended motion is not warranted, counsel should make that determination a part of the record. *Id.* Even where the record reflects activity by appointed counsel, as is the situation here, the record must explicitly reflect that counsel acted to ascertain whether sufficient facts were asserted in the pro se motion and whether the movant included all known grounds. *Poe v. State*, 820 S.W.2d 325, 327 (Mo.App.1991). The record is silent. Where no record exists, the cause must be remanded to the motion court for an inquiry into whether counsel performed as required by Rule 24.035(e). *Id.*; *Luleff*, 807 S.W.2d at 498.

The case is remanded for determination of whether appointed counsel fulfilled the requirements of Rule 24.035(e). If the motion court finds that appointed counsel did not perform as required, and the lack of performance is not the result of movant's action or inaction, the court shall appoint new counsel and permit counsel sufficient time to comply

with Rule 24.035(e) and shall proceed accordingly.

All concur.