Christopher STRIPLIN, Appellant,

v.

STATE of Missouri, Respondent.

No. WD 54131.

Missouri Court of Appeals,
Western District.

Dec. 9, 1997.

Rosalynn Koch, Asst. Public Defender, Columbia, for appellant.

Jeremiah W. (Jay) Nixon, Atty. Gen., Jill C. La Hae, Asst. Atty. Gen., Jefferson City, for respondent.

Before ELLIS, P.J., and HOWARD and RIEDERER, JJ.

RIEDERER, Judge.

Chistopher Striplin appeals the motion court's dismissal without a hearing of his *pro se* motion under Rule 24.035 V.A.M.R. Appellant bases his claim on the failure of the motion court to ensure that appointed counsel had complied with Rule 24.035(e). Respondent agrees. We reverse.

Striplin was charged with four counts of stealing in violation of § 570.030 RSMo (1994). He pleaded guilty on September 25, 1995, to all four counts and was sentenced to seven years on each count, with one count running consecutively, for a total of fourteen years. On December 20, 1995, Striplin timely filed a *pro se* motion pursuant to Rule 24.035. The motion court appointed counsel on December 28, 1995. No amended motion was filed, and the motion was dismissed for want of prosecution on October 30, 1996.

Rule 24.035(e) requires that the motion court appoint counsel where, as here, the motion is filed *pro se*. The motion court did so. The Rule further provides:

> Counsel shall ascertain whether sufficient facts supporting the grounds are asserted in the motion and whether the movant has included all grounds known to him as a basis for attacking the judgment and sentence. If the motion does not assert sufficient facts or include all grounds known to the movant, counsel shall file an amended motion that sufficiently alleges the additional facts and grounds. If counsel determines that no amended motion shall be filed, counsel shall file a statement setting out facts demonstrating what actions were taken to ensure that (1) all facts supporting the claims are asserted in the pro se motion and (2) all claims known to the movant are alleged in the pro se motion.

Thus, once counsel is appointed for the *pro se* indigent under Rule 24.035(e), the court may not proceed until appointed counsel has filed either an amended answer or a statement required by the rule.

In this case, counsel was appointed. However, counsel did not enter an appearance, did not file an answer and did not file a statement. Where no record exists, the cause must be remanded to the motion court for an inquiry into whether counsel per-

formed as required. *Schiltz v. State,* 912 S.W.2d 686 (Mo.App.1996).

The case is remanded for determination of whether appointed counsel fulfilled the requirements of Rule 24.035(e). If the motion court finds that appointed counsel did not perform as required, and the lack of performance is not the result of movant's action or inaction, the court shall appoint new counsel and permit counsel sufficient time to comply with Rule 24.035(e) and shall proceed accordingly.

All concur.