**Richard BURNS, Movant–Appellant,**

v.

**STATE of Missouri, Respondent.**

No. 21714.

Missouri Court of Appeals,
Southern District,
Division Two.

March 11, 1998.

Kent Denzel, Asst. Public Defender, Columbia, for Appellant.

Jeremiah W. (Jay) Nixon, Atty. Gen., Daniel W. Follett, Asst. Atty. Gen., for Respondent.

PARRISH, Presiding Judge.

Richard Burns (movant) was found guilty, following a plea of guilty, of assault in the first degree, § 565.050, RSMo 1986. Imposition of sentence was suspended and probation granted. Following revocation of probation, sentence was imposed.[1] Movant filed a motion for post-conviction relief as permitted by Rule 24.035. The motion was denied after an evidentiary hearing. Movant appeals the judgment denying his Rule 24.035 motion. This court remands with directions.

Movant was delivered to the department of corrections March 28, 1996. His Rule 24.035 motion was filed April 22, 1996. Movant filed a forma pauperis affidavit with the motion. On the same date, the motion court permitted movant to proceed in forma pauperis. It appointed the public defender to represent movant and granted movant an additional 30 days in which to file an amended motion. A transcript of the guilty plea and sentencing was filed September 30, 1996. *See* Rule 24.035(g).

Assistant public defender Arthur Allen entered his appearance on behalf of movant May 9, 1996. The legal file reflects that on August 26, 1996, C.R. Rhoads entered his appearance as attorney for movant. A docket entry dated "8 29 96" states, "Motion to withdraw filed by Arthur Allen. /s/ KU." An order dated September 10, 1996, granted Mr. Allen's motion to withdraw "for the reason that private counsel has entered an appearance to represent movant." The order also rescinded the appointment of the public defender to represent movant.

There is no docket entry showing the filing of an amended motion. The legal file does include, without further explanation, a copy of a seven-page pleading, without a stamp indicating it was filed, entitled "MOTION TO VACATE, SET ASIDE, OR CORRECT JUDGMENT OR SENTENCE." Movant's signature appears at the end of the document, together with a notary acknowledgment dated March 13, 1997. The document also bears the signature of C.R. Rhoads, Attorney at Law. It has a mailing certificate reciting that a copy was mailed to Mr. Gregory Bridges, prosecuting attorney, on March 10, 1997.[2]

Point III of movant's brief asserts the motion court erred in failing to find that he was abandoned by post-conviction counsel because his post-conviction counsel failed to present all claims cognizable under Rule 24.035. The record on appeal discloses no inquiry by the motion court with respect to whether movant was abandoned by post-conviction counsel. To that extent, Point III is well-taken.

At the beginning of the evidentiary hearing held March 17, 1997, the attorney who was representing movant, C.R. Rhoads, and the prosecuting attorney were asked if they wished to make opening statements. Mr. Rhoads replied, "Judge, probably. Just so that you'll be able to kind of follow along where we're headed this morning. If you don't mind, I'll briefly outline what we're going to do." Mr. Rhoads told the motion court, "And I know the Court has before it *a copy of my motion.*"

■ This court assumes that Mr. Rhoads' reference to "my motion" was a reference to the pleading in the legal file that does not reveal a file stamp and which is not referenced in the motion court's docket entries. Even if the motion was tendered for filing and accepted by the motion court, any new issue it attempted to raise would not have been properly before the motion court. If it was filed, it was not timely filed.[3] "All grounds asserted by an untimely filed

1. Movant was granted probation for a term of five years on July 14, 1992. Probation was revoked and sentence pronounced March 27, 1996. *See* Rule 24.035(m).

2. There is also an obvious omission in the legal file. The legal file does not include a copy of the amended information from the underlying criminal case. A docket entry in the criminal case dated "7 14 92" notes the filing of an amended

information "w/o objection." The only copy of an information in the legal file has the filing date, "DEC 27 1991."

3. The time for filing an amended motion, including the additional 30 days the motion court allowed, expired 90 days after the transcript of the guilty plea and sentencing hearing was filed, i.e., 90 days next following September 30, 1996. Rule 24.035(g).

amended motion are waived." *Thomas v. State,* 800 S.W.2d 477, 479 (Mo.App.1990).

As explained in *Luleff v. State,* 807 S.W.2d 495 (Mo. banc 1991):

> Where counsel determines that filing an amended motion is not warranted, counsel should make that determination a part of the record. At such time as the motion court may proceed to rule a postconviction motion and there is no record of any activity by counsel on movant's behalf, the motion court shall make inquiry, *sua sponte,* regarding the performances of both movant and counsel. If counsel's apparent inattention results from movant's negligence or intentional failure to act, movant is entitled to no relief other than that which may be afforded upon the *pro se* motion. If the court determines, on the other hand, that counsel has failed to act on behalf of the movant, the court shall appoint new counsel, allowing time to amend the *pro se* motion, if necessary, as permitted under [the postconviction rule].

*Id.* at 498 [footnote omitted]. The same procedure is required when an untimely amended motion is filed. *See Sanders v. State,* 807 S.W.2d 493, 495 (Mo. banc 1991).

The neglect of the motion court to address the failure to file an amended motion (or, if applicable, the untimely filing of an amended motion) requires that this court remand the case for determination of whether movant's post-conviction counsel undertook to learn if movant's pro se motion asserted sufficient facts and whether the pro se motion included all grounds for relief known to movant as required by Rule 24.035(e). *See Luleff,* 807 S.W.2d at 498, and *Sanders,* 807 S.W.2d at 495. *See also, Striplin v. State,* 958 S.W.2d 313 (Mo.App.1997). If the motion court finds movant's post-conviction counsel did not fulfill the requirements of Rule 24.035(e), new counsel should be appointed and permitted time in which to comply with the requirements of that rule.

Movant raises two other claims of error. Point I alleges that the motion court committed plain error by not *sua sponte* granting his Rule 24.035 motion because the court that accepted his plea of guilty in the underlying criminal case failed to establish a factual basis for the plea of guilty. This point presents nothing for review. Plain error review is not available to post-conviction claims not raised in the motion court. *White v. State,* 939 S.W.2d 887, 904 (Mo. banc), *cert. denied,* —— U.S. ——, 118 S.Ct. 365, 139 L.Ed.2d 284 (1997). Point I is denied.

Point II asserts the motion court erred in denying movant's Rule 24.035 motion because his plea of guilty was induced by threats the prosecuting attorney made to movant outside the presence of his attorney. It asserts, alternatively, that the motion court erred in failing to make findings of fact and conclusions of law that determine the issues. The alternate claim is meritorious.

Movant's pro se motion included a complaint of ineffective assistance of counsel with respect to the offer of a "plea bargain" made by the prosecuting attorney to movant outside the presence of movant's trial counsel. The issue was, therefore, before the motion court for determination.

This court discerns nothing in the findings of fact and conclusions of law that directly addresses this complaint. "In order for the appellate courts to engage in review of post-conviction proceedings, the motion court is required to make findings of fact and conclusions of law on all issues presented." *State v. Sappington,* 873 S.W.2d 618, 626 (Mo.App. 1994), *citing State v. Williams,* 861 S.W.2d 670, 679 (Mo.App.1993). The motion court is directed to address this issue on remand and to supplement its findings of fact and conclusions of law to the extent necessary for its determination.

The case is remanded for further proceedings consistent with this opinion.

MONTGOMERY, C.J., and SHRUM, J., concur.