Kelly R. CASTOR, Appellant,

v.

STATE of Missouri, Respondent.

No. ED 89620.

Missouri Court of Appeals,
Eastern District,
Division One.

Jan. 29, 2008.

Robert D. McGee, Springfield, MO, for appellant.

Jeremiah W. (Jay) Nixon, Atty. Gen., Anna L. Bunch, Asst. Attorney General, Jefferson City, MO, for respondent.

ROBERT G. DOWD, JR., Judge.

Kelly Castor ("Movant") appeals from the denial of her Rule 24.035 motion for post-conviction relief, without an evidentiary hearing. We find the motion court's findings of fact and conclusions of law denying Movant's Rule 24.035 motion without an evidentiary hearing are not clearly erroneous and affirm.

Movant was charged as a prior and persistent offender with burglary in the second degree, Section 569.170, RSMo 2000,[1] and misdemeanor stealing, Section 570.030. Thereafter, on January 15, 2006, Movant pleaded guilty pursuant to a plea agreement with the State.[2] As part of the plea agreement, Movant pleaded guilty to the burglary charge and, in exchange, the State dismissed the misdemeanor stealing charge and dropped the prior and persistent offender allegations. It was an open plea with no conditions or agreements as to whether any sentence should run concurrent or consecutive to any other sentences. Movant affirmed that this was her understanding of the plea agreement. On March 17, 2006, Movant was sentenced to seven years' imprisonment to run consecutively to her other previously imposed sentences.

On June 22, 2006, Movant filed a timely *pro se* Rule 24.035 motion for post-conviction relief. A public defender was appointed to represent Movant. Movant then retained private counsel, who entered his appearance on Movant's behalf on August 11, 2006. The transcript of the proceedings was filed with the motion court on September 1, 2006. On January 11, 2007, Movant's counsel filed an amended motion. The motion court subsequently denied Movant's Rule 24.035 motion for post-conviction relief without an evidentiary hearing. This appeal follows.

First, we consider the timeliness of Movant's amended motion. Rule 24.035(g)

---

1. All further statutory references are to RSMo 2000 unless otherwise indicated.

2. In her brief, Movant asserts there was no plea agreement. However, the record shows there was a plea agreement for an open plea.

provides that when no appeal from the judgment is taken:

> the amended motion shall be filed within sixty days of the earlier of: (1) the date both a complete transcript consisting of the guilty plea and sentencing hearing has been filed in the trial court and counsel is appointed or (2) the date both a complete transcript has been filed in the trial court and an entry of appearance is filed by any counsel that is not appointed but enters an appearance on behalf of movant.

Here, any amended motion had to be filed within sixty days of the date both the complete transcript was filed and entry of appearance of counsel. Retained counsel entered his appearance on August 11, 2006 and the transcript was filed on September 1, 2006. Movant's amended motion was filed on January 11, 2007, which was 132 days after the transcript was filed.

■■■ The time limits governing post-conviction motions are considered mandatory and reasonable. *State v. Gilpin*, 954 S.W.2d 570, 578 (Mo.App. W.D.1997). The untimeliness of an amended motion acts as a complete bar to consideration of the allegations contained in the motion. *Id.* Generally, when an amended motion has been filed out of time, the appropriate remedy is to remand the case to the motion court to determine the cause of the untimeliness, and whether the movant was abandoned by appointed counsel. *State v. Kelley*, 901 S.W.2d 193, 204 (Mo.App. W.D. 1995); *Rutherford v. State*, 192 S.W.3d 746, 749 (Mo.App. S.D.2006). Abandon-

ment occurs when post-conviction counsel fails to timely file an amended motion, fails to amend a movant's pro se motion without explanation, or files an amended motion that is so patently defective that it amounts to a nullity. *Robinson v. State*, 211 S.W.3d 162, 163 (Mo.App. E.D.2007). The motion court can permit the filing of an untimely amended post-conviction motion and consider the claims in the amended motion if it determines that the movant was abandoned by counsel. *Rutherford*, 192 S.W.3d at 749. Where the record shows the delay in filing the amended motion was solely attributable to post-conviction counsel and through no fault of the movant, and where the motion court has already considered the claims in the amended motion, no purpose would be served in remanding the case to the motion court for a determination on the abandonment issue. *Kelley*, 901 S.W.2d at 204. The State, however, maintains that the abandonment principles do not apply in this case because Movant's amended motion was filed by "retained counsel" as opposed to "appointed counsel."

The Missouri Supreme Court first recognized the concept of abandonment of counsel in a post-conviction proceeding in *Luleff v. State*, 807 S.W.2d 495 (Mo. banc 1991) and *Sanders v. State*, 807 S.W.2d 493 (Mo. banc 1991), decided at the same time. In *Luleff*, the court considered abandonment in the context of an appointed counsel's complete failure to comply with the provisions of Rule 29.15(e), which sets forth the requirements for appointed counsel.[3] *Luleff*, 807 S.W.2d at 497–98.

---

3. Rule 29.15(e) and Rule 24.035(e) are identical and provide:

> Pro Se Motion—Appointment of Counsel—Amended Motion, Required When. When an indigent movant files a pro se motion, the court shall cause counsel to be appointed for the movant. Counsel shall ascertain whether sufficient facts supporting the

claims are asserted in the motion and whether the movant has included all claims known to the movant as a basis for attacking the judgment and sentence. If the motion does not assert sufficient facts or include all claims known to the movant, counsel shall file an amended motion that sufficiently alleges the additional facts and

In *Sanders*, the court considered abandonment in the context of an appointed counsel's failure to timely file an amended motion as required by Rule 29.15(f).[4] *Sanders*, 807 S.W.2d at 495. The court in *Sanders* stated that the failure to comply with the time requirements was, like the failure to comply with Rule 29.15(e), "another form of 'abandonment' by post[-]conviction counsel." *Id.* While *Sanders* specifically dealt with circumstances in which the movant's counsel was appointed, the application of abandonment for the failure to file a timely amended motion is not limited to those circumstances. The time limits to file an amended motion set forth in Rule 24.035(g) apply to both appointed and retained counsel.

■ In addition, there are cases that have applied the concept of abandonment where post-conviction counsel was privately retained. *See Middleton v. State*, 200 S.W.3d 140 (Mo.App. W.D.2006); *Bantle v. State*, 165 S.W.3d 233 (Mo.App. S.D.2005); *Burns v. State*, 964 S.W.2d 548 (Mo.App. S.D.1998). Thus, the concept of abandonment for the failure to file a timely amended motion is equally applicable to both appointed and retained counsel and the State's argument fails.[5]

■ Because the record here suggests the delay in filing was solely attributable to Movant's counsel and the motion court could consider the claims in the untimely amended motion, and because the motion court has already adjudicated the claims in Movant's amended post-conviction motion, no purpose would be served in remanding this case to the motion court for a determination on the abandonment issue. *Kelley*, 901 S.W.2d at 204. We will review the merits of Movant's appeal. *Id.*

This court's review of a motion court's findings of fact and conclusions of law in denying a Rule 24.035 motion for post-conviction relief is limited to a determination of whether the findings and conclusions are clearly erroneous. Rule 24.035(k); *Simmons v. State*, 100 S.W.3d 143, 145 (Mo.App. E.D.2003). A motion court's findings and conclusions are clearly erroneous only if, after a full review of the record, we are left with a definite and firm impression that a mistake has been made. *Simmons*, 100 S.W.3d at 145. When reviewing a motion court's ruling, we presume the motion court's findings are correct. *Id.*

The motion court in this case denied the movant's claim without an evidentiary hearing. To receive an evidentiary hearing on a Rule 24.035 motion, a movant must meet three requirements: (1) the motion must allege facts, not conclusions, which, if true, warrant relief; (2) the facts alleged must raise matters not conclusively refuted by the files and records of the case; and (3) the matters complained of

claims. If counsel determines that no amended motion shall be filed, counsel shall file a statement setting out facts demonstrating what actions were taken to ensure that (1) all facts supporting the claims are asserted in the pro se motion and (2) all claims known to the movant are alleged in the pro se motion. The statement shall be presented to the movant prior to filing. The movant may file a reply to the statement not later than ten days after the statement is filed.

4. The time requirements for the filing of an amended motion in the version of Rule 29.15 in effect at the time of the *Sanders* decision were contained in paragraph (f) and are contained in paragraph (g) of the current versions of Rule 29.15 and 24.035.

5. The State's reliance on *State v. Gilpin*, 954 S.W.2d 570 (Mo.App. W.D.1997), and *Daugherty v. State*, 159 S.W.3d 405 (Mo.App. E.D. 2005), is misplaced. Those cases are factual distinguishable.

must have resulted in prejudice to the movant. *Id.*

To succeed on a claim of ineffectiveness of counsel where a movant has entered a guilty plea, a movant must show that his counsel's performance fell below an objective standard of reasonableness and that he was prejudiced by that deficient performance. *Boyd v. State,* 205 S.W.3d 334, 338 (Mo.App. S.D.2006). A movant must show, but for the conduct of his trial attorney about which he complains, he would not have pleaded guilty but would have insisted on going to trial. *Id.* Where, as here, there is a negotiated plea of guilty, a claim of ineffective assistance of counsel is immaterial except to the extent it impinges upon the voluntariness and knowledge with which the guilty plea was made. *Id.*

In her first point, Movant contends the motion court erred in denying her Rule 24.035 motion without an evidentiary hearing because her plea counsel was ineffective for failing to adequately advise Movant that her sentence could run consecutive to another sentence. We disagree.

In denying her claim that plea counsel was ineffective for not adequately advising Movant of the consequences of pleading guilty and that she could be sentenced to consecutive time as a result of an open plea, the motion court found Movant's claim was refuted by the record. The motion court noted the following exchange from the plea hearing:

THE COURT: [State] and [plea counsel], what plea bargain agreement do you have in [Movant's] case?

[STATE]: Your Honor, in exchange for [Movant's] plea of guilty to the class C felony of burglary second degree, the State would agree to dismiss the prior and persistent offender allegations contained in the information.

Also, the State would dismiss Count II. It will be an open plea with a stand silent offer with no conditions or no agreements as to whether the case run concurrent or consecutive to any other cases she has.

And should [Movant] receive an unfavorable sentencing assessment report from probation and parole, the State would be asking at that point for a consecutive sentence.

THE COURT: Is that correct?

[PLEA COUNSEL]: Yes.

[THE COURT]: Do you understand that plea bargain agreement, [Movant]?

[MOVANT]: Yes.

[THE COURT]: Do you have any questions about it at all?

[MOVANT]: No.

The motion court determined an evidentiary hearing was not necessary because the record provided a sufficient basis for determining Movant's claim.

 We cannot say the motion court's findings of fact and conclusions of law are clearly erroneous. When a movant bases an ineffective assistance of counsel claim on an allegation that she pleaded guilty because of a mistaken belief about the sentence, the test is whether a reasonable basis existed in the record for that belief. *Cope v. State,* 989 S.W.2d 265, 266 (Mo. App. E.D.1999). Here, the record clearly refutes Movant's claim. During the plea hearing, the court asked Movant whether she understood the plea agreement and the consequences of pleading with an open plea, and Movant replied that she understood. Furthermore, the court advised Movant about her open plea and asked if she understood what that meant in regard to her sentencing. The following exchange took place:

[THE COURT]: When you return before me for sentencing, [Movant], yours

is an open plea. You could be sentenced up, anywhere from the minimum up to the maximum. And the sentence could be concurrent or consecutive to any sentence you're now obligated to serve. Do you understand?

[MOVANT]: Yes.

The record shows that Movant had no reasonable basis for her belief regarding sentencing. Movant was advised of the consequences of pleading guilty with an open plea and what it could mean at sentencing. Movant stated she understood the plea agreement was an open plea and that she could be sentenced to consecutive time to her other previously imposed sentences. The motion court's findings of fact and conclusions of law are not clearly erroneous. Movant's first point is denied.

In her second point, Movant argues the motion court erred in denying her Rule 24.035 motion without an evidentiary hearing because her plea counsel was ineffective for failing to file a motion for change of judge and change of venue and for failing to question witnesses and that counsel was "ill prepared for trial as evidenced by her failing to meet with [Movant] to prepare for trial." [6] We disagree.

In her motion for post-conviction relief, Movant alleged a conflict of interest existed regarding the relationship with Movant's ex-husband and the trial judge.[7] In denying Movant's claim that her plea counsel was ineffective for failing to file a motion for change of judge and change of venue, the motion court found her claim was refuted by the record. The motion

court pointed to the following portion of the record:

[THE COURT]: Has your attorney done all things that you have requested the attorney to do for you in your case?

[MOVANT]: Yes.

[THE COURT]: Has your attorney refused to do anything for you in your case that you thought the attorney should have done?

[MOVANT]: No.

The motion court further found Movant failed to show prejudice.

We cannot say the motion court's findings of fact and conclusions of law are clearly erroneous. The record shows Movant stated at the plea hearing that her plea counsel had done everything Movant requested for her case. Movant again stated her plea counsel did everything she asked her to do at the sentencing hearing. Moreover, Movant failed to show how she was prejudiced.

With regard to Movant's claim her plea counsel was ineffective for failing to investigate her case and interview witnesses, including the victim, the motion court found Movant's claims were refuted by the record.

We cannot say the motion court's findings of fact and conclusions of law are clearly erroneous. When a movant pleads guilty and then affirmatively states in court that she is satisfied with the performance of her plea counsel, she is not entitled to an evidentiary hearing on a claim that counsel was ineffective for failing to investigate because the claim is

6. The State contends we should not address Movant's point because it groups multiple allegations of error in a single point relied on in violation of Rule 84.04(d) and preserves nothing for review. However, we will exercise our discretion and review Movant's allegations despite her point being multifarious.

7. In her *pro se* motion, Movant alleged her ex-husband was the Marshall of the Twenty-Fourth Circuit.

refuted by the record. *Simmons*, 100 S.W.3d at 146. Here, Movant affirmatively stated she was satisfied with her plea counsel's performance. The record shows Movant believed her plea counsel did everything she asked her to do and did not refuse to do anything Movant requested. During the plea hearing, the court asked Movant about the actions of her plea counsel stating:

> [THE COURT]: Has your attorney investigated the case to your full satisfaction?
>
> [MOVANT]: Yes.
>
> [THE COURT]: Has your attorney interviewed all the witnesses that you know of in the case.
>
> [MOVANT]: Yes.
>
> [THE COURT]: Do you know of any witnesses that you wanted your attorney to interview that he or she didn't interview?
>
> [MOVANT]: No.
>
> [THE COURT]: Were there any alibi witnesses in the case to your knowledge?
>
> [MOVANT]: No.
>
> [THE COURT]: Has your attorney done all the things that you have requested the attorney to do for you in your case?
>
> [MOVANT]: Yes.
>
> [THE COURT]: Has your attorney refused to do anything for you in your case that you thought the attorney should have done for you?
>
> [MOVANT]: No.

Movant further stated that she was fully satisfied with the advice of her plea counsel, and she did not have any complaints about her counsel's handling of the case. Movant's statements refute her claim of ineffective assistance of counsel for failing to investigate and interview witnesses. *See Boyd*, 205 S.W.3d at 339 (a movant's claim of ineffectiveness of counsel refuted by the movant's statements of satisfaction with his counsel's services).

■■■ Movant also claims plea counsel was "ill prepared for trial as evidenced by her failing to meet with [Movant] to prepare for trial." This claim that plea counsel was "ill prepared" was not alleged in Movant's amended motion. Movant waived this claim by failing to include it in her amended motion. *State v. Johnson*, 968 S.W.2d 686, 696 (Mo. banc 1998). However, Movant did raise the issue that she did not have adequate time to meet and discuss her case with her plea counsel in her amended motion in connection with her claim that she was not adequately advised about her open plea. Movant asserted she spoke with her plea counsel only one time prior to entering her plea of guilty and that occurred one day before entering her plea. Movant's claim is refuted by the record. At the plea hearing, Movant stated that she met with her plea counsel six times for a total time of three hours. Furthermore, Movant stated she had sufficient opportunity to discuss the case with her plea counsel before pleading guilty both at the plea hearing and again at sentencing. The motion court's findings of fact and conclusions of law denying Movant's claims are not clearly erroneous. Movant's second point is denied.[8]

8. We note the trial court in this case conducted a group plea and chose to accept three guilty pleas with three unrelated defendants simultaneously. This procedure of addressing multiple defendants simultaneously was disapproved by this court in *Guynes v. State*, 191 S.W.3d 80, 85 n. 2 (Mo.App. E.D.2006). We reiterate that this procedure is not preferred and should be discontinued. However, in this case, Movant's guilty plea proceedings directly refute any assertion that Movant's plea was involuntary.

The judgment denying Movant's Rule 24.035 motion for post-conviction relief without an evidentiary hearing is affirmed.

KATHIANNE KNAUP CRANE, P.J. and KENNETH M. ROMINES, J., concur.