In the Missouri Court of Appeals
 Eastern District
 DIVISION THREE
CHRISTOPHER SCHILLING, ) No. ED108969
 )
 Movant/Appellant, )
 ) Appeal from the Circuit Court
 ) of Jefferson County
 vs. ) Cause No. 19JE-CC00644
 )
STATE OF MISSOURI, ) Honorable Victor J. Melenbrink
 )
 Defendant/Respondent. ) Filed: August 10, 2021

 OPINION

 Christopher Schilling (“Movant”) appeals the judgment denying his Rule 24.035 motion

without an evidentiary hearing.1 In his first point on appeal, Movant contends that the motion

court clearly erred by failing to conduct an independent abandonment inquiry. In his second

point, he contends that the motion court clearly erred in denying the motion without an

evidentiary hearing because he alleged facts not refuted by the record showing that plea counsel

was ineffective for failing to challenge the factual basis of his guilty plea. We affirm.

 I. Factual and Procedural Background

 Movant was charged with possession of methamphetamine and possession of drug

paraphernalia. Only the possession of methamphetamine is at issue here. At his plea hearing,

1
 All rule references are to the Missouri Supreme Court Rules (2020).

 1
Movant testified that plea counsel had explained the charges and the elements of the charges to

him, he understood the meaning of the charges, and he had no questions about them. He stated

that he understood the range of punishment and all the rights he was giving up by pleading guilty

instead of going to trial. The State provided, in relevant part, the following recitation of what the

evidence against Movant would be at trial:

 Officers would testify that on November 14, 2014, they responded to 6303 Old
 State Road in Jefferson County, Missouri, in reference to a chemical odor. The
 officers detected the chemical odor from the door frame as they approached the
 front door. They knocked and [Movant] answered. He invited them inside. The odor
 was more apparent and there was incense in every room. [Movant] signed a
 permission to search form. [Another woman] was also inside the residence. In the
 kitchen there was a grinder with powder residue that was wet to the touch, Pyrex
 dish with residue, [] cut aluminum foil strips with -- partial pseudoephedrine
 receipt, lighter fluid, propane cylinders. In the bathroom there was [isopropyl]
 alcohol, tubing, strips of aluminum foil with residue that field-tested positive for
 methamphetamine, altered straw with residue, funnels, a clear plastic bag with
 powder that lab results confirmed contained methamphetamine. [ . . . ] After being
 read and waiving his Miranda rights, [Movant] stated that he has a meth habit and
 only manufactures to support his own habit.

Movant agreed this recitation was “an accurate statement of what occurred” and that he had done

“the things that the prosecuting attorney has stated.” When asked if he was “pleading guilty

because you did, in fact, commit the offense[] of possession of a controlled substance,” Movant

said “Yes, sir.”

 Movant indicated that he was satisfied with the services of plea counsel. He told the plea

court that no threats or promises, other than the plea agreement, had been made to cause him to

plead guilty. Movant had no trouble with English, no mental or physical health issues, was not

currently under the influence of any medication, drug, or alcohol, and said there was nothing else

going on in his life that might impact his ability to understand the plea proceeding. He assured

the plea court there was nothing that happened in the proceeding that he did not understand.

Before accepting his guilty plea, the plea court asked if “[i]n light of all that has been explained

 2
to you by your attorney and all that’s occurred in the proceeding, is there anything at all you

have any question about before I accept your plea?” Movant said “No, sir.” The plea court

accepted the guilty plea and sentenced Movant to ten years in prison; execution of the sentence

was suspended, and Movant was placed on probation. Movant violated his probation, and the

ten-year sentence was executed.

 Thereafter, Movant filed a timely pro se motion under Rule 24.035, and post-conviction

counsel was appointed. After the time for filing an amended motion passed, the State filed a

motion to dismiss the case. The motion court entered an order finding that “[t]he circumstance[s]

appear to require that this Court make a determination as to abandonment,” citing Moore v. State,

458 S.W.3d 822 (Mo. banc 2015), and directing Movant to file a response. Movant thereafter

filed an amended motion, along with a motion to consider the motion as timely filed under

Sanders v. State, 807 S.W.2d 493 (Mo. banc 1991). Therein, post-conviction counsel stated that

she miscalculated the filing deadline, she was the “sole cause” of the untimeliness, and Movant

was not at fault. Importantly, post-conviction counsel also filed an affidavit, in which she

attested that Movant bore “no responsibility or fault” for the untimely filing of the amended

motion. The motion court explicitly addressed this abandonment issue in its findings of fact and

conclusions of law:

 Movant’s Amended Motion has undoubtedly been filed untimely, as post[-
 ]conviction counsel concedes. However, upon review of post-conviction
 [counsel]’s affidavit and motion, the Court hereby GRANTS Movant’s request to
 consider his amended motion as timely filed and will address it on the merits.

 In his amended motion, Movant claimed that plea counsel was ineffective because he

allowed Movant to plead guilty knowing “that the State’s lab report did not contain a measurable

weight of the controlled substance, methamphetamine.” Movant alleged that plea counsel knew

the lab report showed that the amount of methamphetamine discovered was a “trace amount” and

 3
there was no weight contained in the report. “Despite the State’s lack of evidence, [plea counsel]

allowed [Movant] to enter a guilty plea.” In its findings of fact and conclusions of law, the

motion court treated this claim as one challenging the factual basis of Movant’s plea.2 The

motion court set out the facts recited by the State and Movant’s testimony at the plea hearing,

concluding that Movant’s claim had no merit: “The factual circumstances agreed to as true and

accurate by Movant are clearly sufficient to support his conviction for intentionally, knowingly,

and consciously possessing methamphetamine.” The motion court denied this claim without an

evidentiary hearing.3

 This appeal follows.

 II. Standard of Review

 We review a motion court’s findings of fact and conclusions of law for clear error. Rule

24.035(k); Castor v. State, 245 S.W.3d 909, 912 (Mo. App. E.D. 2008). Those findings and

conclusions are presumed correct and will only be found clearly erroneous if, “after a full review

of the record, we are left with a definite and firm impression that a mistake has been made.”

Castor, 245 S.W.3d at 912. When reviewing the denial of a post-conviction motion without an

evidentiary hearing, we look to whether the movant met the three prerequisites for entitlement to

a hearing: (1) the motion must allege facts, not conclusions, that if true warrant relief; (2) the

facts must raise matters not conclusively refuted by the record; and (3) the matters complained of

must have resulted in prejudice to the movant. Id. at 912-13.

2
 As the State points out, the claim as stated in the amended motion referred only to the sufficiency of the evidence,
not the factual basis of the plea. The two are not necessarily “functional equivalents,” as Movant contends. But
because the motion court adjudicated it as a factual basis claim, we prefer to dispose of this claim on the merits
instead of deeming it waived.

3
 Movant also claimed in the amended motion that plea counsel pressured him to plead guilty, but he does not appeal
the motion court’s denial of that claim.

 4
 Independent Abandonment Inquiry

 In his first point on appeal, Movant contends the motion court failed to conduct an

independent abandonment inquiry. We disagree.

 An untimely amended motion raises a presumption of abandonment by post-conviction

counsel. Barber v. State, 569 S.W.3d 556, 560 (Mo. App. E.D. 2019). When an amended motion

is untimely filed, the motion court must “make a record of an independent inquiry into

abandonment.” Id. at 559. If that inquiry reveals that the untimely filing was due to the movant’s

negligence or intentional conduct, then only the pro se motion may be considered; conversely, if

the untimely filing was solely the fault of post-conviction counsel, then the amended motion is

deemed timely and the claims therein will be adjudicated. See Luleff v. State, 807 S.W.2d 495,

498 (Mo. banc 1991); Sanders, 807 S.W.2d at 495. The independent inquiry may be as formal or

informal as the motion court deems necessary, as long as there is a sufficient record for this

Court to review the abandonment determination for clear error. See McDaris v. State, 843

S.W.2d 369, 371, n.1 (Mo. banc 1992).

 Here, when the State filed the motion to dismiss the case due to the lack of a timely

amended motion, the motion court expressly acknowledged that it was required to address

abandonment and ordered Movant to respond. Post-conviction counsel then provided sworn

testimony in an affidavit on the issue of abandonment. The motion court stated explicitly in the

final judgment that it had reviewed that affidavit in deciding to deem the amended motion timely

filed. These facts set this case apart from the numerous insufficient records that have been before

us in the past. In most of those cases, the record lacked any sworn statement by counsel. See

Barber, 569 S.W.3d at 560-61; Brown v. State, 602 S.W.3d 846, 850 n.3 (Mo. App. E.D. 2020);

Earl v. State, 2021 WL 1972620, at *3 (Mo. App. E.D. May 18, 2021); Lampkin v. State, 560

 5
S.W.3d 67, 71 n.1 (Mo. App. E.D. 2018). And in Halter v. State, although post-conviction

counsel filed a sworn affidavit regarding the timeliness of the amended motion, the motion court

gave no indication that it had considered that affidavit or believed the statements therein. 2021

WL 3086220, at *3 (Mo. App. E.D. June 29, 2021). The motion court in this case, however,

stated expressly that it had considered post-conviction counsel’s sworn affidavit. Although it did

not explicitly determine that the statements therein were credible, such a determination is

implicit from the combination of the motion court’s express consideration of the affidavit and its

granting of the timeliness motion.4 The record is sufficient for us to review for clear error, and

we need not remand for further inquiry into abandonment.

 The sworn affidavit here shows that the untimely filing was solely the fault of post-

conviction counsel and not in any way due to Movant’s negligence or intentional failure to act.

Therefore, the motion court did not clearly err in determining that Movant was abandoned and

proceeding to rule on the merits of the amended motion as if it had been timely filed. See Luleff,

807 S.W.2d at 498; Sanders, 807 S.W.2d at 495.

 Point I is denied.

 Factual Basis

 In his second point, Movant contends that he alleged facts not refuted by the record

showing that plea counsel was ineffective for failing to challenge the factual basis of his guilty

plea on the grounds that (a) the State referred to the bag of methamphetamine as containing

“powder” when the lab report said it was “residue” and (b) the State recited no evidence

connecting that bag to Movant. He contends plea counsel’s failure to raise these challenges

4
 In this way, the record here exceeds what was before our colleagues in the Southern District in Gale v. State, 508
S.W.3d 128 (Mo. App. S.D. 2016). There, the motion court had simply signed and dated a timeliness motion filed
under oath, which was deemed on appeal to be an implicit determination that the statements in the motion were
credible. Id. at 129-30.

 6
“rendered [Movant] without a constitutionally permissible understanding” of the concept of

constructive versus actual possession in the context of a drug residue case. Therefore, he claims,

his plea was involuntary. We disagree.

 A guilty plea is constitutionally valid only to the extent it is voluntary and knowing, and

“it cannot be truly voluntary unless the defendant possesses an understanding of the law in

relation to the facts.” Booker v. State, 552 S.W.3d 522, 527 (Mo. banc 2018) (internal quotation

marks and citation omitted). Requiring a factual basis for a plea is “a procedure that assists the

plea court in determining whether the plea is voluntary, intelligently, and knowingly made.” Id.

(citing Rule 24.02). The Court in Booker clarified that the term “factual basis” is not

synonymous or interchangeable with a “knowing and voluntary plea.” Id. at 528. The factual

basis itself is not constitutionally required, and “while a sufficient factual basis can be an

important factor in a voluntariness determination, whether a plea is knowing and voluntary is

determined from the record as a whole.” Id.

 A sufficient factual basis exists “when the conduct the defendant admits establishes the

defendant’s commission of the offense that is the subject of the plea.” Id. at 527. The offense of

possession of a controlled substance requires the State to prove by way of chemical analysis that

the substance at issue is, “regardless of quantity,” in fact a controlled substance and that the

defendant “intentionally, knowingly, and consciously possessed it.” State v. McKelvey, 129

S.W.3d 456, 460-61 (Mo. App. S.D. 2004) (emphasis in original). “[T]here is no ‘threshold’

amount that must be proven in order to convict a person for possession of a controlled

substance,” and whether drug residue is visible or measurable is relevant only to the question of

whether the defendant intentionally, knowingly, or consciously possessed it. Id.

 7
 Movant admitted to possessing a substance that was chemically analyzed and shown to

be methamphetamine. He admitted that he told police when they found the drugs in his home

that he currently had a methamphetamine habit and was manufacturing it for his own use. This is

an admission to consciously, knowingly, and intentionally possessing the methamphetamine

found in his home, including any invisible or immeasurable residue found throughout the home.

This conduct clearly establishes the commission of the offense of possession.

 The record conclusively refutes any claim that the factual basis for this plea was

insufficient. As a result, plea counsel cannot have been ineffective for failing to challenge the

factual basis, nor could plea counsel’s conduct have rendered Movant’s plea involuntary.

Moreover, the record as a whole--namely, the plea colloquy--confirms that Movant’s plea was

knowing and voluntary. See Booker, 552 S.W.3d at 528. The motion court did not clearly err by

denying the amended motion without an evidentiary hearing.

 Point II is denied.

 IV. Conclusion

 The judgment is affirmed.

 _______________________________
 Colleen Dolan, J.

Philip M. Hess, P. J., concurs.
Angela T. Quigless, J., concurs.

 8